Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

DISTRICT COUNCIL 35 PAINTERS, DECORATORS, HARDWOOD FINISHERS, PAPER HANGERS, SIGN WRITERS, GLAZIERS, ART GLASS WORKERS, GLASS BEVELERS AND POLISHERS AND SCENIC ARTISTS OF BOSTON AND VICINITY, International Brotherhood of Painters and Allied Trades, AFL–CIO, CLC, Defendants.

Civ. A. No. 80–223–K.

United States District Court, D. Massachusetts.

April 30, 1982.

**306**

Gregory C. Flynn, Asst. U. S. Atty., Robert Yetman, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Segal, Roitman & Coleman, Richard W. Coleman, Boston, Mass., for defendants.

## OPINION

KEETON, District Judge:

Plaintiff, Raymond J. Donovan, Secretary of Labor ("Secretary") brings this action against District Council 35 Painters, Decorators, Hardwood Finishers, Paper Hangers, Sign Writers, Glaziers, Art Glass Workers, Glass Bevelers and Polishers and Scenic Artists of Boston and Vicinity, International Brotherhood of Painters and Allied Trades, AFL–CIO, CLC ("District Council"), seeking an adjudication of invalidity of a District Council election of a trustee on the ground that the outcome of that election may have been affected by a violation of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401 *et seq.* ("the Act"). This court has jurisdiction under 29 U.S.C. § 482(b). The case was tried on the merits at a bench trial. Undisputed facts are set forth in the unchallenged portions of the Secretary's Proposed Findings of Fact and Conclusions of Law, filed on March 18, 1982. Additional findings and conclusions of the court are stated in this opinion.

### I.

Local 391 is one of nineteen local unions within the District Council. The officers of the District Council are elected by delegates elected by the nineteen local unions. During 1979, Local 391 was entitled to be represented by four voting delegates to the District Council. On June 25, 1979, Local 391 nominated and elected four such delegates who were to vote for officers, including trustees, of the District Council. Defendant does not dispute that Local 391 violated 29 U.S.C. § 481(e) by failing, prior to the election of the four delegates, to give notice of the election by mail to each member of the Local at his or her last known address.[1]

---

1. 29 U.S.C. § 481(e) reads in pertinent part as follows:

    (e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such

The Secretary contends that the participation of these four delegates, elected by Local 391 in violation of § 481(e), in a District Council election of officers held on July 19, 1979 constitutes a violation of § 481(d) of the Act.[2]  The Secretary's claim is that the failure of Local 391 to give notice in the form required by the statute "may have affected the outcome," 29 U.S.C. § 482(c)(2), of the Local's election of the four delegates, which in turn may have affected the outcome of the District Council's election of a person to the office of third trustee by a vote of 18 to 16.[3]

In actuality, then, the Secretary has not alleged or offered proof of any violation of the Act by the District Council separate and independent from the underlying violation committed by Local 391 in failing to comply with the notice requirement of 29 U.S.C. § 481(e).  Yet neither Local 391 nor any of the other eighteen locals within the District Council is a party to this action, the Secretary having filed the action against the

District Council only.  Moreover, even though none of the locals has been made a party to this lawsuit, the Secretary requests a broad order authorizing him to supervise elections for new delegates by all nineteen locals, as well as a new District Council election in which the newly elected delegates of the locals would elect a person to the office of third trustee.

During oral argument after both parties rested, the court inquired about the failure of the Secretary to join any of the nineteen local unions—particularly Local 391—as a party to this action and about the propriety of awarding the broad relief requested by the Secretary—including the removal from office of the delegates elected by all nineteen local unions—in the absence of representation of the interests of those locals in this proceeding.  In response, counsel for the Secretary maintained that the Secretary's position is supported by sections 481 and 482 of the Act.[4]

organization or any member thereof.  Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address ...

2.  29 U.S.C. § 481(d) provides as follows:
  (d) Officers of intermediate bodies, such as general committees, system boards, joint boards, or joint councils, shall be elected not less often than once every four years by secret ballot among the members in good standing or by labor organization officers representative of such members who have been elected by secret ballot.

3.  The Secretary does not contest the elections of any other officers of the District Council. As all officers but the third trustee won by a margin of more than four votes, the Secretary concedes that their elections could not have been affected by the improper election of the four delegates from Local 391.

4.  Relevant portions of section 481 of the Act have been set out in notes 1 and 2, *supra*, at 2. 29 U.S.C. § 482 provides in pertinent part as follows:
  (a) A member of a labor organization—
  (1) who has exhausted the remedies available under the constitution and bylaws of such organization .
  (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation, may file a complaint with the Secretary, ... alleging the violation of any provision of section 481 of this title ...

  (b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe.
  (c) If, upon a preponderance of the evidence after a trial upon the merits, the court finds—

  \*　　\*　　\*　　\*　　\*　　\*

  (2) that the violation of section 481 of this title may have affected the outcome of an election,
the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.  The Secretary shall promptly certify to the court the names of the persons elected, and the court shall thereupon enter a decree declaring such persons to be the officers of the labor organization ....

## II.

Serious due process concerns might be presented if sections 481 and 482 were construed, as the Secretary urges, to permit broad relief of the kind sought by the Secretary against one or more labor organizations, when those organizations have had no opportunity to be heard by the court. I need not address those issues, however, because I conclude that neither the text of these sections nor the legislative history of their enactment supports the Secretary's position.

As the Supreme Court of the United States has stated,

The legislative history shows that Congress weighed how best to legislate against revealed abuses in union elections without departing needlessly from its longstanding policy against unnecessary governmental intrusion into internal union affairs.

*Wirtz v. Hotel, Motel & Club Employees Union, Local 6,* 391 U.S. 492, 496, 88 S.Ct. 1743, 1746, 20 L.Ed.2d 763 (1968) (*"Hotel Local 6"*) (quoting *Wirtz v. Local 153, Glass Bottle Blowers Assn.,* 389 U.S. 463, 470–71, 88 S.Ct. 643, 647–48, 19 L.Ed.2d 705 (1968)). *See also Hodgson v. Local 6799, United Steelworkers of America,* 403 U.S. 333, 338–39, 91 S.Ct. 1841, 1845, 29 L.Ed.2d 510 (1971).[5] The Court has cautioned against overlooking

the fact that the congressional concern to avoid unnecessary intervention was balanced against the policy expressed in the Act to protect the public interest by assuring that union elections would be conducted in accordance with democratic principles.

*Hotel Local 6,* 391 U.S. at 496, 88 S.Ct. at 1746.

The Secretary argues here that Congress' emphatic assertion of the "vital public interest in assuring free and democratic union elections," *id.* at 497, 88 S.Ct. at 1747, outweighs the concern to avoid unnecessary intervention in union affairs. The Secretary's position, however, rather than protecting democratic participation of union members, would remove from office not only the delegates elected by Local 391 but also the delegates elected by eighteen other locals, all without proof of any violation in the elections of those eighteen locals and without an opportunity for Local 391 to present evidence in opposition to the Secretary's claim that its election was tainted. Such a result is inconsistent with the weighting of dual aims disclosed by the legislative history of enactment of these sections of the Act.

■ Nor does the text of the Act support the Secretary's position. The Act directs that, if finding "probable cause to believe that a violation of this subchapter has occurred," the Secretary shall "bring a civil action against the labor organization as an entity . . . to set aside the invalid election," 29 U.S.C. § 482(b), and, on appropriate findings, "the court shall declare the election, if any, to be void" and direct a new, supervised election, "so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization," 29 U.S.C. § 482(c). The most ⁿatural reading of these provisions is that whenever the Secretary claims to have found probable cause to believe that a violation occurred in an election conducted by a labor organization, the Secretary shall bring an action against *that* organization. Similarly, if the Secretary claims to have found probable cause to believe that a violation occurred in the elections of two or more labor organiza-

---

**5.** Summarizing the general objectives of Congress in enacting the Labor-Management Reporting and Disclosure Act of 1959, the Supreme Court in *Hodgson* quoted the following passage from the introduction to the Senate report accompanying the Act:

A strong independent labor movement is a vital part of American institutions. The shocking abuses revealed by recent investigations have been confined to a few unions.

The overwhelming majority are honestly and democratically run. In providing remedies for existing evils the Senate should be careful neither to undermine self-government nor to weaken unions in their role as the bargaining representatives of Employees.

*Hodgson v. Local 6799,* 403 U.S. at 338–39, 91 S.Ct. at 1845, *quoting from* S.Rep.No. 187, 86th Cong., 1st Sess., 5 (1959).

tions identified by the Secretary, the most natural reading is that the Secretary shall bring an action against the two or more organizations so identified.[6] The Secretary proposes, instead, that the Act be read as authorizing the Secretary to bring the action against only one of the several labor organizations and in that action to obtain relief effective against all. That would be an extraordinary—even bizarre—interpretation of the text, quite apart from evidence of meaning in legislative history. Here, the more natural construction of the text is confirmed by the evidence in legislative history of the purpose of Congress to protect union democracy and to do so without unnecessary intervention by the Secretary or by the courts.

■ For the reasons set forth above, I conclude that, in the circumstances of this case, it would be improper for me to grant the broad relief requested by the Secretary. Contrary to the Secretary's contentions, this ruling will not place the Secretary in an impossible situation with regard to certification of election results. *See* 29 U.S.C. § 482(c). If the Secretary believes that, in order to certify properly the results of a supervised election in a District Council or other intermediate body, he must supervise the elections of each of the local unions within that District Council or intermediate

body, then he is free to seek court approval for doing so. In that event, however, he must join those local unions as parties to the litigation, affording them an opportunity to be heard.

■ Although no party has moved for joinder of Local 391 or any of the other eighteen locals within the District Council, the court, "of its own initiative," pursuant to authority granted by Fed.R.Civ.P. 21, *see also* Fed.R.Civ.P. 19(a), may order that Local 391, and perhaps the other locals as well, be joined even at this late stage of this litigation. I conclude, however, that I should not take such an initiative in this instance. My concern about the absence of other parties having been made known, the Secretary made a deliberate choice to seek relief affecting all the locals as well as the District Council without giving the locals an opportunity to be heard as parties. In these circumstances, I decline to take the initiative of ordering other parties to be joined at this time. Instead, since the only relief sought by the Secretary is relief to which the Secretary is not entitled in an action against the District Council only,[7] I direct that judgment be entered for the defendant. I need not and do not determine the effect of this judgment on other relief that might have been or might yet be

---

**6.** Of course, the Secretary may challenge in court only those violations that have been properly exhausted within the union by the union member complaining to the Secretary. *See Hodgson v. Local 7699, United Steelworkers of America,* 403 U.S. 333, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971). Even were the exhaustion rule interpreted to require that the particular labor organization alleged to have committed a violation—and not its parent body—be able to "discern that a member was complaining of the violation," *id.* at 341, 91 S.Ct. at 1846, ordinarily this requirement would be met where the complaining member had utilized properly the remedies provided by the union for addressing alleged violations. For even if the available remedies of the union provided for a direct challenge to the parent body of the organization alleged to have committed the violation, the parent body, during the course of investigating and resolving the matter, would almost always afford notice of the complained-of violation to the organization alleged to have committed it. *See, e.g.,* Exhibit 1, Constitution of the International Brotherhood of Painters and

Allied Trades § 248–51 (providing for notice and an opportunity to be heard to be given to any party charged with a violation). Thus, in the usual case, the exhaustion doctrine would not operate to bar the Secretary from proceeding in court against the labor organization that conducted the election in which the alleged violation occurred.

**7.** It should be noted that this is not a case in which the court properly could award part of the overly broad relief requested by the Secretary. Even were the court to find that the Secretary had proved that the violation by Local 391 may have affected the outcome of the District Council's election of the third trustee, directing that a new election be conducted only by the District Council—the only labor organization against which the Secretary is entitled to relief—would not be an appropriate or effective remedy, since the underlying violation occurred in the election conducted by Local 391.

sought by the Secretary in an action in which other interested parties are joined. That question is not before me for decision, has not been argued even by the parties to this action, and concerns not only their interests but also the interests of others who are not parties to this action. Accordingly, judgment will be entered for defendant.