**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff, Appellant,**

v.

**DISTRICT COUNCIL 35, PAINTERS, DECORATORS, HARDWOOD FINISHERS, PAPER HANGERS, SIGN WRITERS, GLAZIERS, ART GLASS WORKERS, GLASS BEVELERS AND POLISHERS AND SCENIC ARTISTS OF BOSTON AND VICINITY, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO, CLC, Defendant, Appellee.**

No. 82–1545.

United States Court of Appeals, First Circuit.

Argued Dec. 8, 1982.

Decided March 14, 1983.

John A. Bryson, Washington, D.C., with whom Albert H. Ross, Regional Sol., Boston, Mass., T. Timothy Ryan, Jr., Sol. of Labor, Mary-Helen Mautner, Acting Associate Sol., and Kerry L. Adams, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., were on brief, for plaintiff, appellant.

Harold B. Roitman, Boston, Mass., with whom Richard W. Coleman, and Segal, Roitman & Coleman, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and SMITH,* Senior District Judge.

RUSSELL E. SMITH, District Judge.

This case concerns the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 401–531) (hereafter the Act), which provides that under certain circumstances a court shall (1) declare a union election void and (2) direct the conduct of a new election under the supervision of the Secretary of Labor. The two orders involve different problems and, after outlining the factual background, we shall discuss them separately.

### FACTUAL BACKGROUND

Under 29 U.S.C. § 482, the action was properly instituted by the Secretary of Labor against District Council 35, Painters, Decorators, Hardwood Finishers, Paper Hangers, Sign Writers, Glaziers, Art Glass Workers, Glass Bevelers and Polishers, and Scenic Artists of Boston and Vicinity, Inter-

* Of the District of Montana, sitting by designation.

national Brotherhood of Painters and Allied Trades, AFL–CIO, CLC, an intermediate labor organization under the Act[1] chartered by the international union and having within its jurisdiction Local Union No. 391 and eighteen other local unions.

Without dispute it appears that in 1979 Local No. 391 elected four delegates[2] to the district council. Notice of the election was not given to all members by mail as required by both 29 U.S.C. § 481(e) and Section 150 of the International Constitution. Subsequently the four delegates from Local 391, together with the delegates from the eighteen other locals, elected trustees of the district council. One of these trustees was elected by a margin of two votes. The district court, 540 F.Supp. 305 (1982), held that District Council 35 had not violated any provisions of the Act "separate and independent from the underlying violation committed by Local 391," and then held that, because neither Local 391 nor the other eighteen locals had been joined in the action, it should be dismissed.

## THE FAILURE TO VOID THE ELECTION

▉ We believe that the district court erred in failing to void the election.

29 U.S.C. § 481(d) provides optional methods of electing the officers of intermediate bodies such as District Council 35, and under the method selected by the International in Section 150 of its constitution, district council officers are chosen by "labor organization officers representative of such members who have been elected by secret ballot." 29 U.S.C. § 481(d). Section 481(e) makes the notice-by-mail requirement contained in it applicable to "any election required by this section which is to be held by secret ballot."

29 U.S.C. § 482(c) provides:

1. 29 U.S.C. § 402(i).

2. The term "delegates" is used by the court as a short way of identifying the labor organization officers described in 29 U.S.C. § 481(d).

If, upon a preponderance of the evidence after a trial upon the merits, the court finds—

. . . . .

(2) that the violation of section 481 of this title may have affected the outcome of an election,

the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.

Four delegates from Local 391, who were elected in violation of 29 U.S.C. § 481(e), participated in the election of the trustees for District Council 35. The third trustee was elected by a majority of two votes. Therefore, the participation of those four delegates "may have affected the outcome of [the] election"[3] of the third trustee, and it was the duty of the district court to declare that election void.

The presence of Local 391, or any other local, was not necessary to a declaration of invalidity. The complaint sought to set aside the election of the third trustee of the council, not the election of the delegates from Local 391. The vacation of the election of the trustee would not in any way affect the operation of Local 391 within any sphere of its jurisdiction.

## THE NEW ELECTION

▉ We think that the court erred in failing to direct a new election "under supervision of the Secretary." 29 U.S.C. § 482(c).

Although the complaint did not specify the kind of an election which the Secretary intended to conduct, apparently during the course of the trial the Secretary requested a broad order authorizing him to supervise elections for new delegates by all nineteen locals, as well as a new district council election in which the newly elected dele-

3. 29 U.S.C. § 482(c)(2).

gates of the locals would elect a person to the office of third trustee. After reviewing the legislative history of the Act, the district court concluded that secretarial interference in the affairs of eighteen local unions not shown to have been guilty of any wrongdoing would be an undue interference in the affairs of those locals and that an order should not be entered in the absence of the joinder of the locals.

If a new election requires the selection of delegates by all nineteen locals, still in our opinion it was not necessary to join the local unions as parties. The delegates to the district council are not officers of the local, and they do not represent the local when they vote for officers of the district council. By the express provisions of 29 U.S.C. § 481(d), they are "labor organization officers representative of such members." The local unions act only as agents of the district council when they conduct elections for delegates to it and perform a purely ministerial function. An election of new delegates would affect the local to the extent of the cost of typing and mailing the notices and nothing more, and, if necessary, we think the Secretary would have power to allocate those costs. In our view, there is no undue interference in the affairs of the locals which poses either a fourteenth amendment problem or a joinder problem. By ordering a new election, we neither approve nor disapprove of the method suggested by the Secretary for conducting such election. Congress gave the power to supervise to the Secretary. Were we disposed to interfere with the supervision by the Secretary, we do not have before us the facts necessary to an intelligent solution of the problem. We do not know who the present delegates from Local 391 are. We do not know who the third trustee is, and we do not know whether, if at all, the participation of the Local 391 delegates in the 1979 election had any effect on the composition of the present trustees of District Council 35.

 We also note that there has been an intervening election in this case. In *Wirtz v. Bottle Blowers Association,* 389 U.S. 463, 475–76, 88 S.Ct. 643, 650, 19 L.Ed.2d 705 (1968), the Supreme Court made it clear that "the fact that the union has already conducted another unsupervised election does not deprive the Secretary of his right to a court order declaring the challenged election void and directing that a new election be conducted under his supervision." [4] On the other hand, we see nothing in that case that requires the Secretary to demand a new election. The mandate in *Bottle Blowers* was directed to the courts, not to the Secretary. If the intervening election was conducted as the law requires, and if the new election was not contaminated by the old one, and if the Secretary determines that a new election would be an idle act, he may simply request dismissal of the suit.

If the Secretary decides that a new election is necessary, then it shall be conducted "so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization." 29 U.S.C. § 482(c). Problems which may arise in connection with that election are not before us. We hold only that the election of July 19, 1976, was void; that joinder was not necessary; and that the Secretary is entitled to require a new election conducted under his supervision.

The judgment is reversed with directions to enter judgment declaring the 1979 election of the third trustee of District Council 35 to be void and authorizing a new election under the supervision of the Secretary.

---

4. As to the need for a new election the Court in *Wirtz* said:

> The Court of Appeals concluded that it would serve "no practical purpose" to void an old election once the terms of office conferred had been terminated by a new election. We have said enough to demonstrate the fallacy of this reasoning: First, it fails to consider the incumbents' possible influence on the new election.
>
> 389 U.S. at 475, 88 S.Ct. at 650.