662 F.2d 534
 27 Fair Empl.Prac.Cas. 479,
27 Empl. Prac. Dec. P 32,254
Linda ELDREDGE and Christine A. Mazur, individually and on
behalf of all others similarly situated,
Plaintiffs-Appellants,
v.
CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES JOINT
APPRENTICESHIP AND TRAINING COMMITTEE, Defendant-Appellee.
 No. 79-4482.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1981.
Decided Nov. 4, 1981.
 
 Alberta M. Blumin, Dayley & Blumin, Oakland, Cal., for plaintiffs-appellants.
 Stephen McKae, Moore, Sizoo & Cantwell, Oakland, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before FLETCHER and NELSON, Circuit Judges, and KEEP,* District Judge.
 FLETCHER, Circuit Judge:
 
 
 1
 This is an appeal from the district court's order dismissing the action for failure to join indispensable parties. Fed.R.Civ.P. 19.[1] The opinions are reported at 83 F.R.D. 136, 20 Fair Empl.Prac.Cas. 897 (N.D.Cal.1979) and 440 F.Supp. 506 (N.D.Cal.1977). We reverse and remand.
 
 
 2
 * FACTS
 
 
 3
 The facts underlying this suit are recounted in great detail in the district court opinion, 440 F.Supp. at 510-14, and need only be summarized here. Plaintiffs Eldredge and Mazur brought suit under Title VII, 42 U.S.C. § 2000e-2, against the Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee (JATC), alleging sex discrimination in the operation of JATC's apprenticeship program. Plaintiffs brought the suit as a class action, but the district court has not yet considered the question of class certification.
 
 
 4
 Defendant JATC is a joint labor-management committee established under an agreement that provides for a trust fund contributed to by the parties to the master collective bargaining agreements in the Northern California construction industry. JATC is composed of equal numbers of labor and management representatives, and acts as a board of trustees for the administration of the Carpenters Apprenticeship and Training Trust Fund for Northern California. It is responsible for establishing, supporting, and maintaining programs to educate and train journeymen and apprentices in all classifications covered by any collective bargaining agreement that requires employer contributions to the trust fund. 440 F.Supp. at 510-11.
 
 
 5
 Plaintiffs allege that the process by which JATC selects applicants to its apprenticeship training program discriminates against women. Although JATC has employed other selection procedures in the past, see id. at 511-12, it presently relies on what is known as the "unrestricted hunting license" system. Under this system, an individual must first convince an employer to hire him or her as a beginning apprentice. JATC then places the individual's name on its applicant register. Id. at 512. The applicant enters into an apprenticeship agreement with JATC and is dispatched through the union hiring hall. Id. An individual needs no prior training to become an apprentice; all that is required is that he or she be 17 years of age and have a high school diploma or its equivalent. Id. at 511.
 
 
 6
 The master collective bargaining agreements under which JATC operates require employers to hire one apprentice for every five journeymen employed. The apprenticeship is a four-year program. Employers are under no obligation to hire beginning as opposed to experienced apprentices. Id. at 519. In May of 1976, only thirteen of JATC's 3220 registered apprentices were women. Id. at 514.
 
 
 7
 The essence of plaintiffs' complaint is that, by relying on the unrestricted hunting license system to recruit apprentices, JATC has adopted an entrance requirement for its program which is known to have a discriminatory effect on women. Plaintiffs argue that JATC knows that individual employers do not hire women under the unrestricted hunting license system, and that JATC's use of this system is therefore illegal under Title VII. The district court assumed for the purposes of its rule 19 analysis that plaintiffs had stated a claim on which relief could be granted. 440 F.Supp. at 518 (citing Crockett v. Green, 388 F.Supp. 912 (E.D.Wis.1975), aff'd, 534 F.2d 715 (7th Cir. 1976)).
 
 
 8
 The district court held that the 4500 employers and 60 union locals covered by the master labor agreement, or adequate representatives of their interests, were indispensable to the litigation under the standards imposed by rule 19(b).[2] It ordered them joined within 60 days. 440 F.Supp. at 527. Plaintiffs were granted extensions of time in which to explore the possibilities for joinder, see, 83 F.R.D. 136, 20 Fair Empl.Prac.Cas. at 898-99, but joinder of all 4500 employers proved impossible. The plaintiffs then sought to join the Northern California Homebuilders' Conference (NCHBC) to represent the absent employers' interests.[3] The court held this inadequate and dismissed the case. Id. at 900, 83 F.R.D. 136.[4] We conclude that the employers are not necessary parties under rule 19(a) and thus cannot be indispensable parties under rule 19(b). We reverse.II
 
 ANALYSIS
 
 9
 Rule 19 requires two separate inquiries. First, are there persons who should be joined, either because their own interests or the interests of the parties might be harmed by their absence? Such persons, referred to as "necessary parties," must be joined if feasible. Fed.R.Civ.P. 19(a). Second, if parties determined to be necessary under rule 19(a) cannot be joined, should the action in "equity and good conscience" be dismissed? Only if the court determines that the action should be dismissed is the absent party labelled "indispensable." Fed.R.Civ.P. 19(b); see English v. Seaboard Coast Line Railroad, 465 F.2d 43, 48 (5th Cir. 1972).
 
 
 10
 The nature of the rule 19 inquiry is described at some length in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The inquiry should focus on the practical effects of joinder and nonjoinder. Id. at 116 n.12, 88 S.Ct. at 741 n.12; Schutten v. Shell Oil Co., 421 F.2d 869, 874 (5th Cir. 1970). Rule 19 was revised in 1966 to emphasize its practical focus and to avoid the inflexible approach taken by many courts under the prior version of the rule. Id. at 871-74; see Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. at 106-07, 88 S.Ct. at 736-37.
 
 
 11
 Rule 19(a) describes two categories of persons who should be joined if feasible. If the absent employers fall into either of these two categories, they are "necessary parties."
 
 
 12
 The first category comprises those persons in whose absence "complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). This portion of the rule is concerned only with "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." 3A Moore's Federal Practice P 19.07-1(1), at 19-128 (2d ed. 1980); accord, Morgan Guaranty Trust Co. v. Martin, 466 F.2d 593, 598 (7th Cir. 1972). The district court concluded that the absent employers could frustrate any relief granted against JATC, and that complete relief would therefore not be possible unless the employers were made parties. The court reasoned that the employers could defeat any order against JATC by refusing to hire any apprentices, by hiring only unregistered, nonunion apprentices, or by rejecting all female apprentices dispatched to them. 440 F.Supp. at 519-20. We believe that the district court misapprehended the legal inquiry required by rule 19(a) (1).
 
 
 13
 If JATC's activities violate Title VII, a question not yet decided, then the court has both the power and the duty to enjoin those activities. The possibility that such an injunction may induce employers to avoid JATC's services, or ultimately to disband the training and referral system altogether, should not defeat the present action against JATC. JATC may not avoid its own liability for practices illegal under Title VII by relying on the employers' possible future conduct that might frustrate the remedial purposes of any court-ordered changes in the apprenticeship program. See, e.g., United States v. Sheet Metal Workers Local 36, 416 F.2d 123, 132 & n.16 (8th Cir. 1969) (enjoining union from continuing discriminatory referral practices, even though those practices were required by collective bargaining agreement with absent employers).
 
 
 14
 The district court appears to assume that the employers would discriminate against women because of their sex, and that they would refuse to hire women training in the apprentice program. There is no evidence to this effect in the record. On the contrary, the employers have previously participated, apparently successfully, in a state-mandated affirmative action program designed to increase the number of minority apprentices. See 440 F.Supp. at 511-12.
 
 
 15
 While it might be desirable to join all 4500 employers in order to eradicate sex discrimination in the industry, we conclude that relief on plaintiffs' claims against JATC as an entity could be afforded by an injunction against JATC alone. Both sides agree that JATC has the power under the trust fund agreement to structure its apprenticeship program in any way it sees fit. 440 F.Supp. at 510-11. It is quite possible that a court-ordered restructuring of the program could effectively increase the participation of women in the apprenticeship program. See, e.g., EEOC v. Local 638, Sheet Metal Workers' Union, 565 F.2d 31, 34-35 (2d Cir. 1977).
 
 
 16
 The second inquiry required by rule 19(a) concerns prejudice, either to the absent persons or to those already parties. Rule 19(a)(2)(i) provides that a person should be joined if he claims an interest relating to the subject of the action, and the disposition of the action may "as a practical matter impair or impede his ability to protect that interest."
 
 
 17
 The district court held that the employers should be joined since they have a right to select their own employees, a substantial interest that they have a right to protect.[5] We disagree. The trust fund agreement grants full authority to JATC to structure the apprenticeship program and to select the apprentices. We conclude that the employers have by contract ceded to JATC whatever legally protectible interest they may have had in selecting apprentices to be trained. On the other hand, without the joinder of the employers, any court order that may be entered to enjoin JATC to institute programs cannot go beyond the authority granted JATC under the trust fund agreement. The absent employers are thus assured that an injunction against JATC will not trench on any rights reserved to the employers under the agreement. We must conclude that the employers' ability to protect whatever interest in employee selection they retain will not be "impaired or impeded" if they are not made parties. They are therefore not necessary parties under rule 19(a)(2)(i).
 
 
 18
 The district court was understandably concerned that the absent employers might have interests that would be unrepresented in the present suit. Although we have concluded that their interests are not the sort that would make the employers necessary under rule 19, on remand it is possible that some employers, or the NCHBC, may move to intervene. The district court may then consider whether to permit intervention under Fed.R.Civ.P. 24.[6] See e.g., United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 846 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).
 
 
 19
 We hold that the trial court erred in dismissing the case for nonjoinder of necessary parties. We REVERSE and REMAND for further proceedings.
 
 
 
 *
 The Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 Rule 19 provides in pertinent part:
 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 [2]
 The trial court also decided two issues not raised in this appeal. It held that the plaintiffs had exhausted their administrative remedies, 440 F.Supp. at 515-18, and that the absent parties could be joined even though they were not named in the charge to the EEOC, id. at 524-26
 
 
 [3]
 The NCHBC is a large employers' organization which negotiated the master labor agreement under which JATC operates. Not all of the employers who subscribe to the master agreement belong to the NCHBC. 83 F.R.D. 136, 20 Fair Empl.Prac.Cas. at 899
 
 
 [4]
 The plaintiffs also sought to join the United Brotherhood of Carpenters and Joiners of America, the international, to represent the union locals. The district court did not decide whether the international could adequately represent the locals because it decided that the action could not proceed in any case. 83 F.R.D. 136, 20 Fair Empl.Prac.Cas. at 899 n. 4
 
 
 [5]
 The district court did not find the employers necessary under rule 19(a) (2)(ii). See 440 F.Supp. at 522-24
 
 
 [6]
 Fed.R.Civ.P. 24 provides:
 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.