No. 81–2027. CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES JOINT APPRENTICESHIP & TRAINING COMMITTEE & TRAINING BOARD *v.* ELDREDGE ET AL. C. A. 9th Cir. Motion of respondents for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE REHNQUIST, dissenting.

This case raises a question of the proper application of Rule 19 of the Federal Rules of Civil Procedure.[1] Because I believe the Court of Appeals seriously misapprehended the import of the Rule, I respectfully dissent.

Petitioner Joint Apprenticeship & Training Committee (JATC) is the board of trustees for the Carpenters Ap-

---

[1] Rule 19(a) provides in pertinent part:

"A person . . . shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring . . . inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

prenticeship and Training Trust Fund for Northern California. The labor-management agreement that created JATC requires it to establish and maintain programs for training apprentices. Respondents, two women who sought unsuccessfully to become carpentry apprentices, sued JATC in the District Court, claiming its selection process discriminates against women in violation of Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e–2 *et seq.* The District Court set out the facts in detail in its first opinion, 440 F. Supp. 506, 510–514 (ND Cal. 1977).

JATC's program provides four years of classroom instruction for apprentices, who receive on-the-job training from an employer. In theory, applicants can become indentured apprentices in one of two ways. First, they can wait in line at a local JATC office to obtain a place on a referral list. Employers can call the local office, which will refer to them the applicant at the top of the list. Employers are entitled under their collective-bargaining agreements to reject referred applicants "for any reason." If the employer hires the referred applicant, he or she is indentured and thus admitted to the training program.

Second, local JATC offices will give anyone a "hunting license," which enables the holder to hunt for jobs directly from employers. If the applicant obtains a job, he or she is indentured without regard to the referral list. In practice, very few employers use the referral list and virtually all apprentices obtain their jobs through a hunting license.

As the Court of Appeals found, the essence of respondents' amended complaint is that JATC adopted the hunting license system knowing it has a discriminatory effect on women. Respondents claim that employers discriminate against women when hiring applicants with hunting licenses, and that JATC's use of the system therefore violates Title VII. 662 F. 2d 534, 536 (CA9 1981). Respondents sought injunctive relief requiring JATC to adopt some other system. As the District Court noted:

"[Respondents] have not specified the precise system they seek to have instituted, but it is plain that they envision a system requiring an employer who wishes to hire a beginning apprentice to contact the union local and enter a request without naming any individual, whereupon the union would be required to dispatch an applicant selected by the JATC by means of one of a number of non-discriminatory techniques." 440 F. Supp., at 514 (footnote omitted).

The District Court held that the employers are necessary parties under Rule 19(a)(1). It reasoned that any relief it might grant against JATC alone would be ineffective. Although more women might obtain referrals, they would not be any more successful in becoming apprentices. "There is no evidence that the change in referral system sought here will have any effect on the apparent source of the discrimination alleged—the absent employers."[2] 440 F. Supp., at 521.

Furthermore, the District Court reasoned, employers have a substantial interest in selecting their own apprentices. Even if the court could affect employers' hiring decisions by a decree entered only against petitioner, it would be unfair to do so without affording them an opportunity to contest the allegations. Thus the employers are also necessary parties under Rule 19(a)(2)(i).[3] 440 F. Supp., at 522–523.

---

[2] The District Court acknowledged that it could order JATC to include women in its classroom programs, but noted that such an order would not help any woman obtain the on-the-job training that is a prerequisite for employment as a journeyman carpenter. "Thus the relief obtained in this lawsuit would serve only to swell the ranks of unemployed apprentices. This surely cannot be the 'complete relief' contemplated by Rule 19(a)." 440 F. Supp., at 520.

See generally *Gilmore* v. *Kansas City Terminal R. Co.*, 509 F. 2d 48, 52–53 (CA8 1975); *Evans* v. *Sheraton Park Hotel*, 164 U. S. App. D. C. 86, 90, 503 F. 2d 177, 181 (1974).

[3] The District Court found the employers' interests were not sufficiently similar to JATC's interests for a decree against JATC to bind the employ-

The District Court applied the balancing process established by Rule 19(b)[4] and concluded that the employers are indispensable parties. Respondents were unable to join the 4,500 employers, so the District Court dismissed the action without prejudice under Rule 41(b). 83 F. R. D. 136 (ND Cal. 1979).

The Court of Appeals reversed. 662 F. 2d, at 537–538. Although the Court of Appeals claimed "the district court misapprehended the legal inquiry required by rule 19(a)(1)," it did not state what form of inquiry would be appropriate. It believed the court has "both the power and the duty to enjoin" activities that violate Title VII. "[R]elief on plaintiffs' claims against JATC as an entity could be afforded by an injunction against JATC alone." *Id.*, at 537. This seems to mean that since plaintiffs have sought only an injunction against JATC, the District Court can afford the complete relief contemplated by Rule 19(a)(1) by granting only what the plaintiffs seek, regardless of whether the order would have any impact on the discrimination that was apparently the reason for the lawsuit. This approach is hardly the "pragmatic" reasoning this Court commended in *Provident Tradesmens Bank & Trust Co.* v. *Patterson*, 390 U. S. 102, 106–107, 116–117, n. 12 (1968).

ers as nonparty participants under Rule 65(d). This ruling was apparently not challenged on appeal.

[4] Rule 19(b) provides:

"If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Although the Court of Appeals thought there was "no evidence" that "employers would refuse to hire women admitted to the apprentice program pursuant to any judgment that may be entered against JATC," 662 F. 2d, at 537, the substance of respondents' complaint is that *employers* discriminate against women. See 83 F. R. D., at 138. The District Court correctly perceived the dilemma it and respondents faced. If it ordered relief against JATC alone, it could not affect the alleged discriminatory practices. Rule 19(a)(1). If it ordered relief against the employers, it would almost certainly affect their right to select apprentices without affording them an opportunity to rebut the charge that they discriminate. Rule 19(a)(2)(i).[5]

The Court of Appeals sought to avoid the force of this argument by claiming that because the agreement that created JATC grants it "full authority to structure the apprenticeship program and to select the apprentices . . . the employers have by contract ceded to JATC whatever legally protectible interest they may have had in selecting apprentices to be trained." 662 F. 2d, at 538. This is simply not correct. The agreement gives JATC authority only to select persons to refer to employers; an applicant does not become an apprentice and begin the training program until and unless an employer hires him. 440 F. Supp., at 510–512; 83 F. R. D., at 137. And, as noted above, employers have bargained to retain their right to reject any applicant for any reason. Yet the Court of Appeals rather cavalierly found, in a proceeding to which the employers were not parties, that the employers have ceded these rights.

The impropriety of the Court of Appeals' ruling is demonstrated by *General Building Contractors Assn., Inc.* v. *Pennsylvania*, 458 U. S. 375 (1982), in which we considered a similar apprenticeship system. We held that a district

---

[5] See *NLRB* v. *Doug Neal Management Co.*, 620 F. 2d 1133, 1139–1140 (CA6 1980) (adopting the approach of and quoting extensively from the opinion of the District Court in this case).

court cannot issue an injunction against employers in an employment discrimination case under 42 U. S. C. § 1981 when the employers are not guilty of intentional discrimination. In that case there apparently was no hunting license system, and the discrimination was caused by the JATC and the union, but the bar to an injunction was the same as the bar that will face the District Court on remand in this case: it is improper for a court to act against a person who has not been found to have violated the law.

The Court of Appeals, as if recognizing the unsatisfactory posture of the litigation for providing meaningful adjudication and relief, commented that "on remand it is possible that some employers . . . may move to intervene." 662 F. 2d, at 538. But to secure full participation only by torturing the meaning of Rule 19 to avoid dismissal, in the hopes that the absent parties will then take it upon themselves to protect their interests, is not an appealing basis for the result reached by the Court of Appeals. It is respondents who have sought to affect the hiring practices of some 4,500 employers; it is respondents, and not the absent employers, who should shoulder the responsibility of joining the necessarily affected employers or suffering dismissal of their lawsuit.

If I only disagreed with the Court of Appeals' conclusion, this case would not merit this Court's attention. However, in choosing this approach over the District Court's reasoned, pragmatic path, the Court of Appeals has, I believe, embraced a significant departure from the meaning of Rule 19. Since courts will not, I am confident, begin issuing injunctions against nonparties, the approach of the Court of Appeals will tend to reduce the district courts to issuers of " 'paper' decrees which neither adjudicate nor, in the end, protect rights." *Schutten* v. *Shell Oil Co.*, 421 F. 2d 869, 874 (CA5 1970). This is hardly a sound way to expend the energies of overburdened district judges. Furthermore, plaintiffs will be frustrated by their failure to obtain effective relief, but will gain this frustration only after lengthy litigation and the

attendant inconvenience and expense, instead of reaching the same practical result after relatively brief proceedings. Indeed, the only genuine beneficiaries of the Court of Appeals' approach are attorneys who may be able to collect statutory attorney's fees from defendants on the basis of a legal "success," without having gained anything of practical value for their clients.

Since the Court of Appeals held the employers were not necessary parties, it did not reach the question whether they were also indispensable parties under Rule 19(b). It will thus suffice for me to indicate my agreement with the reasoning of the District Court on this question as well. I would grant the petition for certiorari.