Ann McLAUGHLIN,* Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, LOCAL LODGES 751–A AND 751–C, Defendants–Appellees.

No. 87–3902.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1988.

Decided June 6, 1988.

ment here. *See* Case file in No. 85–6264, Appellee's Brief at 4–6.

* Ann McLaughlin has been substituted for William E. Brock, Fed.R.App.P. 43.

George R. Salem, Sol. of Labor, John F. Depenbrock, Associate Sol., Helene Boetticher, Counsel for Litigation, Denise M. Sudell, Atty. U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellant.

Hugh Hafer, Cheryl French, Hafer, Price, Rinehart, & Schwerin, Seattle, Wash., for defendants-appellees.

Before TANG and CANBY, Circuit Judges, and THOMPSON,** District Judge.

BRUCE R. THOMPSON, District Judge:

This is an appeal from an order dismissing actions by the Secretary of Labor to set aside elections conducted by two labor unions. Defendants are the International Association of Machinists and Aerospace Workers, AFL–CIO, Local Lodges 751–A and 751–C. The two Local Lodges are chartered by and subordinate to the International Association of Machinists and Aerospace Workers, AFL–CIO. Also involved is District Lodge 751 of the International Association of Machinists and Aerospace Workers. The two Local Lodges and the District Lodge are alleged to be entirely separate and independent from one another and will be so treated for the purposes of this opinion. The two actions were consolidated and assigned to a United States Magistrate with the consent of the parties.

** Honorable Bruce R. Thompson, Senior United States District Judge, District of Nevada, sitting by designation.

The district court had jurisdiction pursuant to 29 U.S.C. § 482(b). Appellate jurisdiction is granted by 28 U.S.C. § 1291. The district court dismissed the actions because of the refusal by the Secretary to join the District Lodge as an indispensable party. A dismissal under Rule 12(b)(7) Fed.R.Civ.P. ("failure to join a party under Rule 19") is subject to *de novo* review. *Franz v. East Columbia Basin Irrigation District*, 383 F.2d 391 (9th Cir.1967).

The dispute arises from the 1984 elections of officers for the local unions. The Secretary contends that the locals violated § 401(g) of the Labor–Management Reporting and Disclosure Act of 1959 (the Act) 29 U.S.C. § 481(g) because the locals permitted the District Lodge to use District Lodge funds to support a slate of candidates for office in the locals' elections. During the locals' election campaigns, a number of the District Lodge's business representatives and staff members allegedly campaigned during paid working hours on behalf of the locals' incumbent slates. Subsequently, members of each of the locals protested each election to the international. After receiving a denial of their protests from the international, two members complained to the Secretary and these actions were filed.

The issue before us is whether an outside labor organization, which allegedly engages in conduct that taints the election of another, separate labor organization, is an indispensable party to an LMRDA action challenging the allegedly tainted election.

Two separate inquiries must be made to determine whether a party should be deemed indispensable. First, are there persons who should be joined, either because of their own interests or the interests of the parties which might be harmed by their absence: Such persons as "necessary parties" must be joined if feasible. Fed.R.Civ.P. 19(a). Second, if parties determined to be necessary under Rule 19(a) cannot be joined, should the action in "equity and good conscience" be dismissed? Only if the court determines that the action should be dismissed is the absent party labelled "indispensable." *Eldredge v. Carpenters*

*46 Northern California Joint Apprenticeship and Training Committee*, 662 F.2d 534 (9th Cir.1981), *cert. denied*, 459 U.S. 917, 103 S.Ct. 231, 74 L.Ed.2d 183 (1982); *English v. Seaboard Coast Line Railroad*, 465 F.2d 43, 48 (5th Cir.1972). "Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19." *Northrup Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1046 (9th Cir. 1983), *cert. denied*, 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983); *see also Puyallup Tribe of Indians v. Port of Tacoma*, 717 F.2d 1251 (9th Cir.1983), *cert. denied*, 465 U.S. 1049, 104 S.Ct. 1324, 79 L.Ed.2d 720 (1984).

In this case if there had been a contribution of funds by the District Lodge to support the campaigns of the locals' incumbents, this would be a violation of § 401(g). However, the Secretary's recourse is against the locals, not the District Lodge. The Secretary's objective is to ensure that union members are afforded the opportunity to choose their officers in an election untainted by improper influences. Congress provided that the remedy for a violation of this act is the calling of a new election under the supervision of the Secretary. 29 U.S.C. § 482. Title 29 U.S.C. § 483 provides:

No labor organization shall be required by law to conduct elections of officers with greater frequency or in a different form or manner than is required by its own constitution or bylaws, except as otherwise provided by this subchapter. Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. *The remedy provided by this subchapter for challenging an election already conducted shall be exclusive.*

(Emphasis supplied). The conclusion that the District Lodge cannot be an indispensable party in a statutory action by the Secretary pursuant to §§ 482 and 483 is supported by the decision in *Donovan v. District Council 35*, 702 F.2d 25 (1st Cir.

1983). That court, ordering a new election of trustees of the district council, who were elected by delegates from nineteen local unions, held the nineteen locals not to be indispensable parties and said:

> The presence of Local 391, or any other local, was not necessary to a declaration of invalidity. The complaint sought to set aside the election of the third trustee of the council, not the election of the delegates from Local 391. The vacation of the election of the trustee would not in any way affect the operation of Local 391 within any sphere of its jurisdiction.

The foregoing statement is directly applicable to our problem. To paraphrase,—the vacation of the elections in the local unions will not in any way affect the operation of the District Lodge within its sphere of jurisdiction. Thus, equity and good conscience does not require the dismissal of this action in the absence of the District Lodge as a party.

The order dismissing these actions is reversed and the cause is remanded for further proceedings.