**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL 147, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO–CFL, Defendant.**

**No. 91 C 00479.**

United States District Court, N.D. Illinois, E.D.

May 29, 1991.

---

Gail C. Ginsberg, U.S. Attys. Office, Chicago, Ill., for plaintiff.

Alan H. Auerbach, Pasquale Angelo Fioretto, Baum & Sigman, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Local 147, International Brotherhood of Painters and Allied Trades, AFL–CIO–CFL ("Local 147") has moved for dismissal of the complaint filed against it by the Secretary of Labor, or, alternatively, for joinder of the International Brotherhood of Painters and Allied Trades, AFL–CIO ("International Union"), pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. Secretary of Labor Lynn Martin's ("Secretary")[1] complaint alleges that Local 147 violated § 401(c) of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 481(c) (1988), when it "failed to distribute by mail at candidates' expense campaign literature in aid of such candidates' candidacies" in a recent election. For the reasons set forth below, we join the International Union as a defendant.

■ The facts critical to disposition of Local 147's Rule 12(b)(7) motion are taken, quite properly, from the affidavit of Frank M. Sullivan, Local 147's Financial Secretary. It is Local 147's burden to "show the nature of the unprotected interests of the absent parties." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1359, at 426 & n. 11 (1990); *see also Ashley v. American Airlines, Inc.*, 738 F.Supp. 783, 788 & n. 5 (S.D.N.Y.1990). This burden

may be discharged by presenting to the court "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1359, at 426–27 & n. 12.

On Wednesday, June 20, 1990, Local 147 (pursuant to its constitution and bylaws) held an election to fill various leadership positions. Sullivan Affidavit ¶ 4. After several Local 147 members objected to the results of that first election, International Union President William Duval conducted an investigation and declared the results of the June 20 election null and void. *Id.* ¶ 5. Further, Duval directed International Union Vice–President Fred Hagen to conduct and supervise a second election. *Id.; see also* Affidavit Exhibit 1.

International Union President Duval subsequently wrote Local 147's Sullivan to officially inform him that Hagen would be in charge of conducting the second election. Sullivan Affidavit ¶ 6. Hagen and his staff were to set the date, time, and place of the second election, print the official ballot, and act as election judges and tellers. Affidavit Exhibit 3. Duval explicitly noted that Hagen, in cooperation with the International Union, made the decision "that there would be no further mailing of campaign literature." *Id.*

Hagen and his staff conducted the second election on August 11, 1990. Sullivan Affidavit ¶ 7. Once again, several Local 147 members filed protests with International President Duval. *Id.* This time, however, Duval denied the election protests and upheld the August 11 results. *Id.* ¶ 9. Internal appeals by the protesters failed, leading to the filing of protests with the Secretary and the Secretary's suit against Local 147. Complaint ¶ VII.

■ The Secretary's amended complaint alleges a violation of § 401(c) of the LMRDA, which provides in relevant part that:

[e]very national or international labor organization ... and every local labor

---

**1.** When this complaint was originally filed, the Acting Secretary of Labor was Roderick A. DeArment. Since that time, Lynn Martin has been appointed and confirmed by the Senate as Secretary.

organization, and its officers, shall be under a duty, enforceable at the suit of any *bona fide candidate for office in such* labor organization in the district court of the United States in which such labor organization maintains its principal office, to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy to all members in good standing of such labor organization and to refrain from discrimination in favor of or against any candidate with respect to the use of lists of members....

29 U.S.C. § 481(c). Local 147 contends, quite rightly, that while the Secretary "is empowered to include Local 147 as a defendant," the suit "cannot stand without the International Union as a proper party defendant." Reply Brief at 2. After all, reasons Local 147, the "International Union is ... a necessary party because it issued the directive on mailings and was in complete control of the election." Memorandum in Support at 3.

We agree. Rule 19, "joinder of persons needed for just adjudication," provides in relevant part that

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

Fed.R.Civ.P. 19(a). In other words, the first of two separate inquiries under Rule 19 involves a determination of whether there are persons who should be joined, "either because of their own interests or the interests of the parties which might be harmed by their absence." *McLaughlin v. International Ass'n of Machinists & Aerospace Workers, AFL–CIO,* 847 F.2d 620, 621 (9th Cir.1988).

Here, where there is every indication that Local 147 is "chartered by and subordinate to" the International Union, see Amended Complaint ¶ V, the International Union must be joined because it conducted the second election at issue, and is therefore connected to the suit by its own interests, and because Local 147's interests might be harmed by the International Union's absence.[2] Cf. *McLaughlin,* 847 F.2d at 620, 622 (local lodge and district lodge "entirely separate and independent from one another"; motion to dismiss based on Rule 19 denied).

We need not go into the second inquiry under Rule 19, which pertains to situations where necessary parties cannot be joined, because neither the Secretary nor Local 147 have suggested any reason why the International Union is not amenable to joinder. Indeed, the Secretary asserts that "joinder of the International [Union] will not defeat this Court's jurisdiction." Response at 9 n. 4.

Because the International Union's supervision over and direction of the August 11, 1990 election is inextricably connected to the suit brought by the Secretary under § 401(c) of the LMRDA, we join the International Union as a defendant pursuant to Federal Rule of Civil Procedure 19(a). It is so ordered.

---

**2.** By way of example, the International Union's constitution prohibits Local 147 from suing it, thereby preventing Local 147 from bringing a motion under Fed.R.Civ.P. 14 to make the International Union a third-party defendant. *See* Memorandum in Support at 3 n. 1.