**STATE of CONNECTICUT, ex rel., Richard BLUMENTHAL Attorney General of the State of Connecticut, et al., Plaintiffs,**

v.

**Bruce BABBITT, Secretary of the Interior, United States of America, et al., Defendants.**

**Civ. No. 3:95CV00849 (TFGD).**

United States District Court,
D. Connecticut.

Sept. 15, 1995.

David H. Wrinn, Attorney General's Office, Environmental Dept., Hartford, CT, Richard Blumenthal, Attorney General's Office, Administration Dept., Hartford, CT, for State of Connecticut, ex rel. Richard Blumenthal, Attorney General.

Robert L. Deitz, Benjamin S. Sharp, Donald C. Baur, Perkins Coie, Washington, DC, for Town of Ledyard, Town of North Stonington, Town of Preston.

Carl J. Schuman, U.S. Attorney's Office, Hartford, CT, Barry W. Brandon, Joel D. Armstrong, Ann C. Juliano, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for U.S. Dept. of Interior.

Barry W. Brandon, Joel D. Armstrong, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for Ada Deer, Franklin Keel.

### RULING ON THE DEFENDANTS' MOTION TO DISMISS

DALY, District Judge.

In this action the plaintiffs, the State of Connecticut, *ex rel.* Richard Blumenthal, Attorney General of the State of Connecticut, and the towns of Ledyard, North Stonington and Preston, Connecticut (hereinafter collectively the "plaintiffs"), seek to enjoin the defendants, Bruce Babbitt, Secretary of the Interior, United States of America, Ada Deer, Assistant Secretary of the Interior for Indian Affairs, Franklin Keel, Acting Area Director for the Eastern Area Office of the Bureau of Indian Affairs (hereinafter collectively the "Secretary"), from accepting into trust approximately 245.25 acres of land from

the Mashantucket Pequot Tribe of Indians (hereinafter the "Mashantucket Tribe"). The Secretary moves to dismiss all but the National Environmental Policy Act ("NEPA") claims for failure to join an indispensable party pursuant to Rule 19, Fed. R.Civ.P. Specifically, the Secretary argues that the Mashantucket Tribe is an indispensable party that cannot be joined to this action owing to its sovereign immunity from suit. For the reasons set forth below, the motion is denied.

### BACKGROUND

The following procedural history is not disputed. On January 1, 1993 the Mashantucket Tribe submitted an application to the Bureau of Indian Affairs Eastern Area Office (hereinafter the "EAO") seeking to transfer six parcels of land (hereinafter the "land")[1] to the United States to be held in trust pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 1751, et seq. On February 6, 1993, the EAO, pursuant to the Bureau of Indian Affairs land acquisitions regulations, 25 C.F.R. § 151 et seq., began its review process for transferring the land to the United States to be held in trust for the Mashantucket Tribe. On May 1, 1995, after extensive hearings on the matter, the Secretary issued a press release that the land was to be formally taken into trust on May 9, 1995.

Thereafter, plaintiff State of Connecticut, ex rel. Richard Blumenthal, Attorney General of the State of Connecticut (hereinafter the "State of Connecticut"), commenced the instant action in the United States District Court for the District of Connecticut challenging the administrative actions of the Secretary, and, more particularly, his authority to take the land into trust for the Mashantucket Tribe. Specifically, the State of Con-

necticut claims that the Secretary's decision is, inter alia, violative of the Indian Reorganization Act of 1943 ("IRA")[2], the Connecticut Indian Land Claims Settlement Act of 1983 (the "Settlement Act")[3], the Indian Gaming Regulatory Act ("IGRA")[4], NEPA, and the Constitution of the United States. In addition, the State of Connecticut also claims that the Secretary acted in contravention of his own regulations regarding the trust acquisition. Plaintiffs towns of Ledyard, North Stonington and Preston, Connecticut, commenced a similar action in the United States District Court for the District of Columbia. The District Court for the District of Columbia transferred the case to this District, where it was consolidated with the instant action. Subsequently, on June 27, 1995, by consent Order entered by this Court, the Secretary agreed not to transfer the land into trust prior to twenty-four hours after the Court's ruling on the motion for preliminary injunction.

The Secretary moves to dismiss those claims based upon IRA, IGRA, and the Settlement Act on the ground that the Mashantucket Tribe is an indispensable party under Rule 19 that cannot be joined because its sovereign immunity prevents its nonconsensual joinder.

### DISCUSSION

■ To determine whether a party is "indispensable" under Rule 19, a court must undertake a two-part analysis: it must first determine if an absent party is "necessary" to the suit, if the court finds that the absent party is "necessary", then, if the party cannot be joined, the court must determine whether the party is "indispensable" so that in "equity and good conscience" the suit should be dismissed. See Associated Dry

1. The six parcels consist of 245.25 acres of property, of which 165.75 acres are located in Ledyard, 79.50 acres in North Stonington, and less than one acre in Preston.

2. With respect to the plaintiffs' IRA claim, it is limited to the issue of whether the Secretary exceeded his statutory authority under the IRA.

3. With respect to the plaintiffs' Settlement Act claim, it is limited to the issue of whether the Secretary exceeded his statutory authority in de-

termining to place the land in trust in light of the Settlement Act's limitation on future trust acquisitions outside the Mashantucket Tribe's Reservation, as defined in the Settlement Act itself.

4. With respect to the plaintiffs' IGRA claim, it is limited to the issue of whether the Secretary exceeded his statutory authority in failing to consider evidence that allegedly showed that portions of the land were going to be used for gaming or gaming related purposes.

*Goods v. Towers Financial Corp.,* 920 F.2d 1121 (2d Cir.1990). The inquiry is a practical one and fact specific, *see Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), and is designed to avoid the harsh result of rigid application. *See Eldredge v. Carpenters 46 Northern California Joint Apprenticeship & Training Committee,* 662 F.2d 534 (9th Cir.1981), *cert. denied,* 459 U.S. 917, 103 S.Ct. 231, 74 L.Ed.2d 183 (1982).

 There is, however, a well recognized exception in light of the special relationship between the federal government and the Indian nations.[5] *See Gray v. United States,* 394 F.2d 96 (9th Cir.1967). If a case raises issues in which the United States may adequately represent and protect the Indian tribe involved, then the Indian tribe is not an indispensable party to the action under Rule 19. *See Cheyenne River Sioux Tribe v. United States,* 338 F.2d 906 (8th Cir.), *cert. denied,* 382 U.S. 815, 86 S.Ct. 34, 15 L.Ed.2d 62 (1964); *City of Sault Ste. Marie v. Andrus,* 458 F.Supp. 465, 472–73 (D.D.C.1978)[6]; *Pan American Petroleum Corp. v. Udall,* 192 F.Supp. 626, 628 (D.D.C.1961). The Mashantucket Tribe's primary interest in this action is as a beneficiary of the land trust. The plaintiffs do not question the validity of the sale of the land to the Mashantucket Tribe,

nor would they have standing to do so. Rather, the plaintiffs challenge an administrative action taken by the Secretary after the Mashantucket Tribe purchased the property.[7] Full resolution of the issues presented in this case will require this Court to decide whether the Secretary acted in accordance with law in deciding to accept the property into trust.[8] The Court finds that the Secretary, as Trustee and guardian of the Mashantucket Tribe, will adequately represent the interest of the Mashantucket Tribe. The Court finds that on the present record there is no evidence that the Secretary has a conflict of interest. As such, the Mashantucket Tribe is not an indispensable party and this Court has jurisdiction over this action.

## *CONCLUSION*

For the reasons set forth above, the motion to dismiss is hereby DENIED.

SO ORDERED.

---

5. Indeed the legislative, judicial, and executive branches of the government have acknowledged Indian Tribes' special relationship to the federal government. *See, e.g.,* Indian Child Welfare Act of 1978, § 2, 25 U.S.C. § 1901 (Supp. III 1979); Indian Health Care Improvement Act, § 2, 25 U.S.C. § 1601(a) (1976); 25 U.S.C. § 175 (1976) (United States Attorney shall represent Indians in lawsuits); *United States v. Sioux Nation,* 448 U.S. 371, 414–15, 100 S.Ct. 2716, 2740–41, 65 L.Ed.2d 844 (1980) (guardianship limits government power to dispose of Indian land); *Morton v. Mancari,* 417 U.S. 535, 552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); ('special relationship'); *Cherokee Nation v. Georgia,* 30 U.S. (5 Pet.) 1, 17, 8 L.Ed. 25 (1831) (guardian-ward relationship (Marshall, C.J.)). Borrowing from concepts of trust law, courts have described the relationship as similar to that of a ward to his guardian, imposing moral obligations of the highest responsibility and trust that should be judged by the most exacting judiciary standards. *Id.; Seminole Nation v. United States,* 316 U.S. 286, 297, 62 S.Ct. 1049, 1054, 86 L.Ed. 1777 (1942).

6. In *City of Sault Ste. Marie,* 458 F.Supp. at 472, the Court also found that the Indian Tribe at

issue did not enjoy sovereign immunity because it was not federally recognized. This determination did not alter the Court's finding that the defendants could adequately represent the Indian Tribe's interest, and therefore were not indispensable.

7. Specifically, the plaintiffs seek a determination of whether the Secretary, *inter alia,* abided by the provisions of IRA, the Settlement Act, IGRA, and NEPA in exercising his discretion in approving the transfer of the land into trust.

8. The Court notes that if it were to follow the Secretary's line of reasoning, than that there would be no judicial recourse against arbitrary exercise of federal power insofar as this matter is concerned. This is contrary to the well established principle of administrative law that persons aggrieved by agency action have the right to obtain judicial review of such administrative decisions. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1510, 18 L.Ed.2d 681 (1967) (administrative action is entitled to a presumption of reviewability).