**Renata Anna PIATEK, an individual, Plaintiff–Appellee,**

v.

**Magdalena J. SIUDY, an individual, Defendant–Appellant.**

No. 08–35774.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2009.

Filed Nov. 4, 2009.

---

---

Roger James Kindley, Esquire, Britenae M. Pierce, Esquire, Ryan, Swanson & Cleveland, PLLC, Seattle, WA, for Plaintiff–Appellee.

Irving Alan Sonkin, Sonkin & Schrempp, PLLC, Bellevue, WA, for Defendant–Appellant.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

### MEMORANDUM **

Magdalena Siudy ("Siudy") appeals the district court's judgment declaring Renata Piatek ("Piatek") to be the sole owner of property in Buckley, Washington (the "Property"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The district court did not abuse its discretion in concluding that Siudy was properly served by publication pursuant to Washington Revised Code § 4.28.100. *See Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002). Section 4.28.100 does not require the mailing of documents abroad in order to effect service of process in the technical sense, and therefore the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, does not apply. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699–701, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Moreover, service under section 4.28.100 was proper because the action challenged Siudy's ownership of property situated in Washington state. *See* Wash. Rev.Code § 4.28.100(3), (6).

Neither did the district court abuse its discretion in admitting evidence regarding assets from Piatek's marriage to Stan Piatek ("Stan"), as such evidence assisted in determining the character of the Property. *See Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004). Moreover, the district court did not exceed the scope of its *in rem* jurisdiction because it did not adjudicate ownership of any item other than the Property. *See Shaffer v. Heitner,* 433 U.S. 186, 199, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The judgment merely declares that Siudy has no ownership interest in the Property and that title is vested solely with Piatek.

Finally, the district court did not abuse its discretion by proceeding without joining Stan as a party because he was neither

---

\* The Honorable Larry A. Burns, U.S. District Court Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts of this case, so we repeat them here only as necessary.

"required" nor "indispensable" under Rule 19 of the Federal Rules of Civil Procedure. Despite participating as a witness throughout the proceedings in the district court, Stan at no time claimed an interest in the Property. *See United States v. Bowen,* 172 F.3d 682, 688–89 (9th Cir.1999). Moreover, the district court was able to accord complete relief between the existing parties in Stan's absence. *See Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.,* 662 F.2d 534, 537 (9th Cir.1981). Finally, nothing in the record suggests that the district court could not "in equity and good conscience" proceed without Stan, especially since neither Stan nor Siudy ever asked the court to join him. Fed. R.Civ.P. 19(b); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

**AFFIRMED.**

