Fern ASHLEY, et al., Plaintiffs,

v.

AMERICAN AIRLINES, INC., and Government of the Virgin Islands, Defendants.

Peter CHIOPELAS, et al., Plaintiffs,

v.

AMERICAN AIRLINES, INC., and Government of the Virgin Islands, Defendants.

Jules S. DAVIS, et al., Plaintiffs,

v.

AMERICAN AIRLINES, INC., and Government of the Virgin Islands, Defendants.

Ciro A. GAMBONI, et al., Plaintiffs,

v.

AMERICAN AIRLINES, INC., and Government of the Virgin Islands, Defendants.

Nos. 85 Civ. 0614 (PKL), 85 Civ. 3731 (PKL), 86 Civ. 0762 (PKL) and 88 Civ. 2960 (PKL).

United States District Court, S.D. New York.

June 13, 1990.

Sullivan & Liapakis, P.C., New York City (John M. Tomsky, of counsel), for plaintiffs Ashley, et al.

Kaplan & Kilsheimer, New York City, for plaintiffs Davis, et al.

Demetriou and Demetriou, Long Island City, N.Y. (James P. Demetriou, of counsel), for plaintiffs Chiopelas, et al.

Carb, Luria, Glassner, Cook & Kufeld, New York City (James E. Schwartz, of counsel), for plaintiffs Gamboni, et al.

Godfrey R. De Castro, Atty. Gen., Government of the Virgin Islands, St. Thomas, Virgin Islands (Prin. Asst. Atty. Gen., Treston E. Moore, of counsel), for defendant Government of Virgin Islands.

## OPINION AND ORDER

LEISURE, District Judge:

This matter is before the Court on defendant Government of the Virgin Islands' ("GVI") motion to dismiss plaintiffs' complaints for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) [1] and for failure to join indispensable parties to the action pursuant to Fed.R.Civ.P. 12(b)(7). [2]

---

1. Defendant GVI presents its motion to dismiss on the ground of plaintiffs' failure to state a claim against defendant upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *See* GVI Motion ¶ 2. However, the substance of GVI's motion is based on the ground of lack of subject matter jurisdiction. *Id.* at ¶¶ 3–5. Moreover, "[t]he court's function on a Rule 12(b)(6) motion is ... merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 International Brotherhood of Electrical Workers*, 905 F.2d 35, 38 (2d Cir.1990) (per curiam) (unlike a motion under Rule 12(b)(6), a motion under Rule 12(b)(1) permits consideration of matters outside of the complaint). For these reasons, the Court will treat GVI's motion as brought under Rule 12(b)(1).

2. GVI alleges in its papers an affirmative defense of a superseding and intervening act by the inmate who was being transported aboard American Airlines Flight 626. *See* GVI Motion ¶ 1. This defense depends on factual evidence and is not properly resolved on a motion to dismiss.

## BACKGROUND

This action arises out of events occurring on December 31, 1984. On that date, three armed Virgin Islands Corrections officers escorted a convicted mass murderer, Ishmael Ali LaBeet, aboard American Airlines Flight 626 in St. Croix, Virgin Islands. While the flight was en route to New York, LaBeet disarmed the guards and redirected the plane to Havana, Cuba. Cuban authorities then gained control of the situation and brought the episode to a safe conclusion.

Plaintiffs Fern Ashley and Neil Goldman were passengers on Flight 626 and subsequently commenced this negligence action against defendant American Airlines in the Supreme Court of New York. The action was removed to this Court by American Airlines and the remaining plaintiffs were added to the action through amended complaints and the filing of additional actions, as indicated in the above entitled captions. Defendant American Airlines served GVI with a Notice of Vouching–In and tender of defense which GVI rejected. Thereafter, American Airlines made a motion for leave to file a third party complaint against GVI, which this Court granted.

GVI then filed a motion to dismiss the third party complaint pursuant to Fed.R. Civ.P. 12(b) claiming lack of personal and subject matter jurisdiction, insufficient service of process, failure to comply with Fed. R.Civ.P. 8(a)(1), improper venue and insufficiency of the complaint. In an Opinion and Order dated October 21, 1988, the Court denied GVI's motion. Thereafter, plaintiffs moved for leave to amend their respective complaints and assert direct claims against GVI. The Court granted the motions and plaintiffs served and filed amended complaints naming American Airlines and GVI as defendants.

GVI now moves to dismiss plaintiffs' complaints against it arguing that the Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). GVI claims that Virgin Islands law applies to plaintiffs' action against it, and that plaintiffs have failed to comply with the notice and statute of limitations requirements of the Virgin Islands Tort Claims Act. V.I.Code Ann. tit. 33, § 3405 *et seq.* (1967). GVI claims sovereign immunity from suit by plaintiffs under that Act, thus depriving this Court of subject matter jurisdiction. Alternatively, GVI asserts that plaintiffs failed to join indispensable parties to the action, including, but not limited to, the convict LaBeet, pursuant to Fed.R.Civ.P. 12(b)(7).

## DISCUSSION

### A) Subject Matter Jurisdiction

■ Defendant GVI enjoys limited sovereign immunity under the Virgin Islands Tort Claims Act ("VITCA"). VITCA permits certain suits to be brought against GVI by waiving the government's immunity if the claimant complies with the specific procedural requirements of that Act. GVI asserts that Virgin Islands law applies to plaintiffs claims against it, and that plaintiffs have failed to comply with the notice and statute of limitations provisions of VITCA. As a result, GVI claims that its sovereign immunity remains intact, depriving this Court of subject matter jurisdiction over plaintiffs' action against GVI.

Initially, the Court must determine whether it should give effect to Virgin Islands law regarding defendant's limited immunity from plaintiffs' claims against it.[3] This inquiry requires a two prong choice of law analysis under the "public policy test" set forth in *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416, *reh'g denied,* 441 U.S. 917, 99 S.Ct. 2018,

---

**3.** GVI alleges in its papers that there is no choice of law issue since "[b]y prior Order herein, the Court has stated that the law of the Territory of the United States Virgin Islands is applicable in this proceeding to *all* claims against that entity." GVI Motion ¶ 2 (emphasis added). GVI has mischaracterized the holding of this Court in its Opinion and Order ("Order") denying GVI's motion to dismiss American Air-

lines' third party complaint. *See Ashley, et al. v. American Airlines,* 1988 WL 212506 1988 U.S. Dist. LEXIS 11612 (S.D.N.Y.1988). The Order held that VITCA applies to *American Airlines'* third party claims against GVI. The Court did not address the issue of whether VITCA would apply to *plaintiffs'* claims against GVI, since plaintiffs had not made any direct claims against GVI at that time.

60 L.Ed.2d 389 (1979), and the "fairness test" set forth in *Allstate v. Hague,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521, *reh'g denied,* 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981).

### 1) Hall—The Public Policy Test

In *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), the Supreme Court held that a state may refuse to honor a sister state's sovereign immunity under certain circumstances.[4] That case involved a tort action by California residents arising out of an automobile collision in California where one of the vehicles was owned by the State of Nevada and was being used for official business. The California courts chose not to give effect to Nevada's limited tort liability statute because doing so would have frustrated California's public policy of fully compensating victims of accidents on the state's highways. In affirming a decision of the California Court of Appeal, the Supreme Court established the "public policy test" for choice of law and held that while a state may give effect to a sister state's reservation of sovereign immunity as a matter of comity, it is not constitutionally required to do so. "[T]he Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public policy." *Hall,* 440 U.S. at 422, 99 S.Ct. at 1189.

The Court must therefore determine whether a New York court would deem VITCA to be in violation of New York's own public policy. It is useful here to compare VITCA with the New York Court of Claims Act, N.Y.Ct.Cl. Act § 8–12 (McKinney 1963) ("NYCCA"), which, similar to VITCA, waives New York State's immunity from suit provided that the claimant complies with the Act's procedural requirements. At first glance then, the Virgin Islands statute would appear to be in harmony with the public policy of New York, as reflected in its analogous statute.

Upon examination, however, the Court finds that VITCA differs from NYCCA in several significant respects. First, NYCCA waives New York's sovereign immunity for *any* cause of action, except to the extent that such waiver would conflict with the New York workmen's compensation law. VITCA only allows actions against the government with respect to "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment." V.I.Code Ann. tit. 33, § 3408 (1967). Thus, whereas VITCA is strictly a tort claims act, NYCCA more broadly authorizes actions against the State of New York for all cognizable claims, including, for example, those sounding in contract. Secondly, the New York statute places no limit upon the amount of recoveries against the state, whereas VITCA limits damage awards to $25,000. V.I.Code Ann. tit. 33, § 3411(c) (1967). Therefore, VITCA provides a much more limited scope of recovery against the government than NYCCA.

In sum, New York's interest in assuring claimants against the government an opportunity for recovery akin to that enjoyed by plaintiffs suing private parties resembles the pro-plaintiff policies underlying the California statute applied in *Hall.* VITCA's more stringent restrictions on the other hand, reflect administrative and fiscal concerns similar to those embodied in the Nevada statute in that case. While both Acts relinquish the government's right to sovereign immunity to some extent, NYCCA offers plaintiffs a relatively unobstructed avenue to recovery, while VITCA provides a much narrower opportunity for recovery. Accordingly, the Court finds that the application of VITCA to the present action would frustrate New York's legitimate and expressed public policy affording plaintiffs a full and fair opportunity for recovery even when those responsible for their injuries are government agents.

---

**4.** The fact that the Virgin Islands is a territory does not render *Hall* inapposite here. If a state may, in certain instances, refuse to honor a sister state's sovereign immunity, it may, *a fortiori,* refuse to honor the sovereign-like immunity of a territory in the same circumstances.

## 2) *Allstate—The Fairness Test*

The second prong of the Court's choice of law analysis is the application of the "fairness test" which the Supreme Court set forth in *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Under *Allstate*, a state may apply its own substantive law and refuse to apply a sister state's (or territory's) law when that State has "a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." 449 U.S. at 313, 101 S.Ct. at 640. Therefore, the Court must look at whether plaintiffs have sufficient contacts with the New York forum to warrant application of New York law rather than Virgin Islands law, specifically, VITCA.

It is axiomatic that a federal district court deciding a diversity case applies the same choice of law rules as the state in which it sits. *Lund's Inc. v. Chemical Bank*, 870 F.2d 840 (2d Cir.1989); *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Since this is a diversity action commenced in the Southern District of New York, New York choice of law rules govern. "The New York choice of law rule for tort cases is to give 'controlling effect to the law of the jurisdiction which has the greatest concern with, or interest in, the specific issue raised in the litigation.'" *Lund's, supra*, 870 F.2d at 845 (*citing Neumeier v. Kuehner*, 31 N.Y.2d 121, 127, 286 N.E.2d 454, 457, 335 N.Y.S.2d 64, 69 (1972)).

New York's interest in having its own law applied to this action is in avoiding the "injustice of turning out of court, remediless citizens who ha[ve] been injured by negligence on the part of agents of the [government]." *Williams v. City of New York*, 185 Misc. 876, 57 N.Y.S.2d 39, 40 (Sup.Ct., N.Y.Cty.1945); *see also Schultz v. Boy Scouts of America*, 65 N.Y.2d 189, 196–197, 480 N.E.2d 679, 688, 491 N.Y.S.2d 90, 94–95 (1985). Nine of the plaintiffs in the instant cases are residents of the State of New York. *See* Plaintiff Ashley's Mem. of Law at p. 7. A number of other plaintiffs in this action are employed in New York or were attending schools in New York at the time of the incident. *See* Plaintiff Davis' Mem. of Law at p. 5; Plaintiff Gamboni's Mem. of Law at p. 7–8. In addition, this Court has previously established that defendant GVI's operation of a New York tourist office, employment of a New York staff and maintenance of a New York bank account create sufficient contacts with the forum to confer personal jurisdiction over GVI. *See Ashley, et al. v. American Airlines, supra*, 1988 U.S.Dist. LEXIS 11612 at 7. Therefore, New York State has a substantial connection with both plaintiffs and defendant GVI in this action.

Defendant GVI argues that this Court's prior Order applying Virgin Islands law to American Airlines' third party complaint warrants application of the same law to plaintiffs' complaints. However, factual differences in the status of the parties at issue mandate a different result in this motion. The Order held that, under *Allstate*, it would be unfair to bar the application of VITCA to American Airlines' claims in the third party action. *Id.* at 21. That holding was predicated upon an insufficient connection between American Airlines and the New York forum to require application of New York's public policy to compensate fully persons injured through governmental negligence. However, plaintiffs here have established a sufficient nexus with the forum state based upon their residential and employment contacts with New York.

Under these circumstances, the Court's disregard of VITCA is consistent with New York's public policy of providing parties with a fair and full opportunity to recover for negligent acts by government agents. Under *Allstate*, application of New York law to plaintiffs' claims is neither arbitrary nor fundamentally unfair, in light of plaintiffs' significant contacts with the New York forum. Therefore, the Court will not give effect to Virgin Islands law, specifically GVI's limited sovereign immunity under VITCA, as to plaintiffs claims against

GVI.[5] Accordingly, the Court does not lack subject matter jurisdiction over plaintiffs' action against GVI.

### B) Joinder Of Indispensable Parties

■ Defendant GVI alleges that plaintiffs failed to join indispensable parties to this action in accordance with Fed.R.Civ.P. 19,[6] and therefore, plaintiffs' complaints should be dismissed pursuant to Fed.R. Civ.P. 12(b)(7). The alleged necessary parties to the action include the convict La-Beet, his collaborator(s), the Virgin Islands Port Authority, the government of the United States of America and the subcontractor(s) of defendant American Airlines at the Virgin Islands' airport.

■ When deciding a Rule 12(b)(7) motion, a court must initially determine if the absent person should be joined as a party. A court should consider whether proceeding without the person would prejudice those parties already before the court. *See* Wright & Miller, 5 *Federal Practice and Procedure* § 1359. The burden is on the moving party to show the nature of the material interests of the absent person in the subject matter of the suit. Wright & Miller, *Id.* at § 1359. Rule 19(a), governing compulsory joinder, protects existing parties by requiring joinder of all parties who have an interest in the litigation so that any relief awarded will fairly and completely adjudicate the dispute. *See Johnson v. Kay*, 860 F.2d 529, 539 (2d Cir.1988).

Defendant GVI has failed to provide any significant support for its arguments on this issue. GVI has neither identified the factual bases for its assertion of this defense, nor presented any supporting evidence as to the absent persons' interests in this action or the reason why relief cannot be fully accorded without their presence. Nevertheless, the Court has examined the status of the alleged indispensable parties and has concluded that proceeding without these persons would not prejudice the parties already before the Court, nor would it prevent complete relief from being accorded among the existing parties in the case. Therefore, the Court finds that plaintiffs have not failed to join indispensable parties to this action.

### CONCLUSION

Defendant GVI's motion to dismiss plaintiffs' complaints for lack of subject matter jurisdiction and failure to join indispensable parties to the action is denied.

SO ORDERED.

---

**5.** GVI alleges that if this Court finds VITCA applicable to plaintiffs' claims against it, plaintiffs have failed to comply with VITCA's two year statute of limitations requirement pursuant to 33 V.I.C. §§ 3409, 3411, and its ninety day notice requirement pursuant to 33 V.I.C. § 3409. *See* GVI Motion ¶¶ 4–5. This argument ignores the effect of Fed.R.Civ.P. 15(c), which allows for relation back of claims asserted in amended pleadings to the date of initial notice to the party. GVI had notice of claims against it on March 26, 1985, less than 90 days after the December 31, 1984 incident, when American Airlines tendered defense of the action to GVI. Under Rule 15(c), plaintiffs' amended complaints relate back to March 26, 1985 and therefore, plaintiffs have complied with those VITCA provisions.

**6.** Fed.R.Civ.P. 19 provides in relevant part:
(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the persons ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.