**J. Carl COOPER, et al., Plaintiffs,**

v.

**DIGITAL PROCESSING SYSTEMS, INC. et al., Defendants.**

Nos. 1:97–CV–00732, 1:98–CV–00792.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 30, 1998.

**244**

Charles R. Rust, Kenneth Lowell Mitchell, Woodling, Krost & Rust, Christopher B. Fagan, Patrick R. Roche, Steven M. Auvil, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, OH, Archie S. Robinson, Robinson & Wood, San Jose, CA, for plaintiffs.

Michael J. Garvin, Deborah A. Coleman, Hahn, Loeser & Parks, Cleveland, OH, Joseph M. Potenza, Pamela I. Banner, Nina L. Medlock, Gary D. Fedorochko, Banner & Witcoff, Washington, DC, Robert W. Curry, Edwards & Angell, Boston, MA, for defendants.

## OPINION AND ORDER

GWIN, District Judge.

In this patent infringement action and action to decide the validity of certain patents, the Court decides whether a certain party is a necessary and indispensable party. After deciding that such party, a California corporation, is a necessary party, the Court decides whether it has jurisdiction over this party and, if such jurisdiction is lacking, whether this action should go on.

On March 11, 1998, defendants Digital Processing Systems Inc.[1] moved this court to dismiss this action for failure to join an indispensable party [Doc. 53]. In this motion, Digital Processing Systems argued that Video Processing Technology, a California corporation, is an indispensable party necessary for a full adjudication of rights in this patent infringement action.

While Defendants Digital Processing Systems's motion was pending, this Court granted defendants' motion to add Video Processing Technology as an involuntary plaintiff. After having been served with a summons and an amended complaint, Video Processing Technology moved this Court to dismiss it as a party for lack of personal jurisdiction and improper venue [Doc. 76]. Plaintiff Cooper filed a motion to dismiss for misjoinder [Doc. 81].

Finding that Video Processing Technology is a necessary party over whom this Court does not have personal jurisdiction and that it is indispensable to a full adjudication of the action, the Court grants Defendants Digital Processing Systems' motions to dismiss for failure to join an indispensable party, all for the reasons that follow. The Court further grants Involuntary Plaintiff Video Processing Technology's motion to dismiss for lack of personal jurisdiction. Finally, the Court's ruling makes Plaintiff Cooper's motion to dismiss for misjoinder moot.

### I. Introduction

This is a patent infringement action under 35 U.S.C. § 271. On March 21, 1997, Plaintiffs J. Carl Cooper, Pixel Instruments Corporation, and Technology Licensing Corporation[2] filed this action and alleged that Defendants Digital Processing Systems infringed twelve patents relating to video signal processing technology. In answer, defendants deny infringement and say that Plaintiff Cooper's patents are invalid.

Plaintiff twice amended its complaint. In the Second Amended Complaint, Plaintiff Cooper made claim that Defendants Digital Processing Systems infringed two additional patents. *See* Second Amended Complaint, ¶¶ 7–8.

On March 11, 1998, defendants Digital Processing Systems Inc. moved this court to

---

1. Defendant Digital Processing Systems, Inc. is a Canadian corporation. Defendant Digital Processing Systems, Inc. is a Delaware corporation. They are collectively referred to as Digital Processing Systems, Inc.

2. The Court hereafter uses the term "Plaintiff Cooper" to include Pixel Instruments Corporation and Technology Licensing Corporation to the extent that they are relevant.

dismiss this action for failure to join an indispensable party. In this motion defendants argue that Video Processing Technology has an interest in the patents that require that Video Processing Technology be made a party to this action. If this Court does not have jurisdiction over Video Processing Technology, defendants Digital Processing Systems say this Court must dismiss this case.

The Court's determination involves review of Video Processing Technology's contractual relationship with Plaintiff Cooper.

## II. Plaintiff Cooper's Relationship to Video Processing Technology

Plaintiff Cooper asserts that it has the right to enforce certain patents. On December 30, 1988, Cooper entered a Commercialization Agreement with VidTech Corporation[3] to commercialize and license various technologies owned by Plaintiff Cooper that concerned video noise reduction and audio/video synchronization. In the 1988 agreement, Plaintiff Cooper gave Video Processing Technology the right to market four of the patents-in-suit here, i.e., U.S. Patent Nos. 4,305,091; 4,573,070; 4,313,135; and 5,202,761.

Video Processing Technology asserts that the 1988 agreement granted it an "exclusive worldwide license" with respect to the "Licensed Technology."[4] The agreement defined "Licensed Technology" to include:

[A]ll rights with respect to patent rights, copyrights, mask work rights, tradenames, trademarks, trade secrets, and know-how of whatsoever kind or nature and in whatever form which relate to VNR [video noise reduction] or AVS [audio/video synchronization] technology and in which [Cooper] or his affiliates have an interest to the extent of such said interest.

The License Agreement further granted to Video Processing Technology the:

[E]xclusive, worldwide right to regulate and control by license, sublicense, affiliation, or other agreement the practice and/or use of the Licensed Technology, and to otherwise pursue the Commercialization thereof and the manufacture, sale, and use of products and/or services relying upon the Licensed Technology.[5]

With the 1988 agreement, any "[d]ecisions to license, exchange, encumber, transfer, sell, litigate, arbitrate, affiliate, or settle any right or claim with respect to [Video Processing Technology] its assets, or any right or claim with respect thereto" were to be made by VidTech. Id. ¶ J(2), at 7.[6]

On January 19, 1991, Cooper and Video Processing Technology agreed to amend the 1988 agreement. With this amendment, Plaintiff Cooper and Video Processing Technology agreed to extend the agreement to additional technologies and patents, including patents acquired by Cooper since the 1988 agreement.[7] With this amendment, Plaintiff

---

**3.** VidTech Corporation has also been known as Video Patents Limited and Video Processing Technology. These companies are one and the same, and are hereafter referred to as Video Processing Technology. Video Processing Technology is a California-based corporation incorporated by Mr. Daniel E. Leckrone, a California resident.

**4.** Plaintiff Cooper and Video Processing Technology both assert ownership of the right to enforce the patents in suit. The Court recites the language of the agreement without determining the legal consequences or extent of rights granted under the agreement and its subsequent amendments.

**5.** In consideration for plaintiff Cooper's grant, Video Processing Technology agreed to:
[E]xert its best efforts to (i) develop, perfect, enhance, and protect the Licensed Technology; (ii) prevent the unauthorized use of the Licensed Technology and to manage the imple-

mentation and use thereof pursuant to sublicenses or other agreements or relationships; and (iii) turn the Licensed Technology into income-producing, commercially valuable property, hereinafter sometimes collectively referred to as "Commercialize."

**6.** Under the agreement, Plaintiff Cooper was made a member of Video Processing Technology's Board of Directors and would have had some role in deciding Video Processing Technology's actions.

Also under the 1988 agreement, Pixel Instruments Corporation agreed that it "sets over, assigns, transfers and acquits unto VidTech [Video Processing Technology] all right, title, and interest of whatsoever kind or nature in the Licensed Technology."

**7.** The additional patents included those acquired by Cooper through assignment from VidTech. VidTech acquired these patents from Harris Cor-

Cooper gave Video Processing Technology rights in U.S. Patents Nos. 4,062,041, 3,900,-885, 3,860,952, 4,018,990, 3,993,982; and 4,803,547. Thus, in the 1988 agreement, Plaintiff Cooper gave Video Processing Technology rights in four patents here involved. With the amendment to the original agreement, plaintiff Cooper gave Video Processing Technology rights in six additional patents here involved.[8]

### III. Discussion of Fed.R.Civ.P. 19

Defendants Digital Processing Systems says that Video Processing Technology has rights to the patents involved in this suit as the result of the 1988 agreement, the amendment to that agreement, and the December 1995 agreement. The defendant argues that Defendant Video Processing Technology is a necessary and indispensable party to this case. The defendant says that the Court must dismiss this case unless Video Processing Technology continues as a party to this action. Video Processing Technology denies that this Court has jurisdiction over it.

Fed.R.Civ.P. 12(b)(7) provides that a complaint may be dismissed for "failure to join a party under Rule 19." Questions concerning joinder of indispensable parties require courts to consider the policy considerations underlying the established federal rules. *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 (6th Cir.1972).

Resolving the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process. *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America*, 822 F.2d 613, 618 (6th Cir.1987),

*cert. denied,* 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988); *see also Keweenaw Bay Indian Community v. State of Michigan,* 11 F.3d 1341, 1345 (6th Cir.1993). This analysis begins by determining whether a person is necessary to the action and should be joined if possible.

To decide whether a party is "necessary," courts need to review Fed.R.Civ.P. 19(a). Rule 19(a) governs joinder of persons needed for just adjudication. It says:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

If the person or entities sought to be joined does not fall within the above provisions, joinder is not "necessary" and the court's analysis need go no further. However, "if the court finds that one criteria is satisfied, the person is one to be joined if feasible" and the court must then consider issues of personal jurisdiction and indispensability under Rule 19(b). *Local 670,* 822 F.2d at 618.[9]

---

poration in settlement of litigation filed in 1982 by Cooper. In that litigation, Plaintiff Cooper alleged that Harris infringed U.S. Patent No. 4,305,091.

**8.** Video Processing Technology says the two remaining patents-in-suit, U.S. Patent Nos. 5,486,-869 and 5,550,594, relate to video technology and as such fall within the scope of "Licensed Technology" under the Amendment.

**9.** If personal jurisdiction is present, the party shall be joined. However, if personal jurisdiction is not present or if venue for the persons or entities to be joined is improper, the party cannot

properly be brought before the court. *Keweenaw,* 11 F.3d at 1345–46; *see also Bank One Texas, NA v. A.J. Warehouse, Inc.* 968 F.2d 94, 100 (1st Cir.1992) (stating that if an absent party is not necessary under 19(a), they cannot be indispensable under 19(b), and Rule 12(b)(7) motion must fail); *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990) (stating Rule 19(a) provides the "threshold" analysis to indispensability); *McLaughlin v. International Ass'n of Machinists and Aerospace Workers, AFL—CIO, Local 751–A and 751–C,* 847 F.2d 620, 621 (9th Cir.1988) (stating that only if a party is necessary under Rule 19(a) does court proceed to next step

Should the Court need to consider related issues of personal jurisdiction and venue under Rule 19(b), deciding whether the case may continue without the absent party or whether that party is so "indispensable" such to require the case to be dismissed will also be necessary.

To decide whether a party is "indispensable," courts consider the four factors set forth in Rule 19(b). The four factors are: (1) to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b). In making this review, courts are not to evaluate the factors above in a "rigid manner" but should instead be governed by the practicalities of the individual case. *Keweenaw*, 11 F.3d at 1346; *Local 670*, 822 F.2d at 618 (citations omitted).

Applying the standards above, the Court first turns to whether the parties sought to be joined in the instant case are "necessary" to this litigation.

### A. Is Video Processing Technology a Necessary Party?

Defendants Digital Processing Systems argues that Video Processing Technology is a necessary party under Fed.R.Civ.P. 19(a). In making this argument, defendants generally say that joinder is required because Rule 19(a)(2) mandates joinder of all parties who claim an "interest relating to the subject of the action" and whose absence would "impair or impede the person's ability to protect that interest," or would expose persons already parties to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(i) and (ii).

Specifically, defendants say that unless the Court joins Video Processing Technology, it would be unable to protect its interests, especially its interest in avoiding a finding that certain of the patents are invalid. Defendants also argue that not joining Video Processing could leave defendants open to multiple and inconsistent obligations now and in a later case involving Video Processing Technology. Finally, defendants assert joinder of the parties disputing patent ownership is necessary. Alternatively, defendants argue that even if Video Processing Technology is deemed not to have rights to enforce the patent, it nonetheless has a financial interest in the patents at issue and that proceeding with the case without Video Processing would impair those interests.

In contrast, Plaintiff Cooper argues that Video Processing Technology is not a necessary party because it has no right to enforce the patents and therefore no interest to protect. Plaintiff asserts that complete relief can be afforded among the parties present.

After examining each party's arguments, the Court finds that Video Processing Technology is a necessary party.

### 1. Necessary Parties under Rule 19(a)(1)

■ Under Rule 19, a party is "necessary to the action ... only on that party having a claim to an interest.... Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of the party." *Keweenaw*, 11 F.3d at 1347. A party's interest in an action need not be a "legal interest," but rather need only be a "claim to an interest" that they sufficiently relate to the subject of the action. *Id.; Local 670*, 822 F.2d at 620.

■ Under Rule 19(a), a court must first consider whether, without the party sought to be joined, complete relief cannot be accorded among those already parties to the case. Fed.R.Civ.P. 19(a)(1). Rule 19(a)(1) "commands that a party be joined if in his absence complete relief cannot be accorded among those already parties." *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir.1989). This requirement does not mean that "every type of relief sought must be available, only that

in 12(b)(7) analysis considering question of indis- pensability under 19(b)).

meaningful relief be available." *Henne v. Wright,* 904 F.2d 1208, 1212 n. 3 (8th Cir. 1990) (citing 3A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice P 19.07–1[1] (2d ed.1989)), *cert. denied,* 498 U.S. 1032, 111 S.Ct. 692, 112 L.Ed.2d 682 (1991).

■ In the instant case, the relief sought by Plaintiff Cooper is to recover damages from Defendants Digital Processing Systems for patent infringement and for enjoinment of defendants from further infringement of the patents in suit. Defendants' counterclaim against Plaintiff Cooper seeks the following declaratory relief: (1) that the patents in suit are void, invalid, unenforceable, and that they have not been infringed by Digital Processing Systems; and (2) that plaintiffs have no standing to sue on the patents or, in the alternative, that Plaintiff Cooper has failed to join Video Processing Technology as a necessary and indispensable party. Both parties seek attorneys' fees.

After reviewing the parties' claims and the pleadings and supporting documents presented thus far, the Court finds that the Court cannot afford complete relief if it does not make Video Processing Technology a party to this action. Resolution of this case would not end the dispute over ownership interests in the patents in suit.

As part of its case in chief against Defendants Digital Processing Systems, Plaintiff Cooper must establish it has right to sue on each patent. *Textile Productions, Inc. v. Mead Corp.,* 134 F.3d 1481, 1483–84 (Fed. Cir.1998); *Enzo APA & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1093 (Fed.Cir.1998). Defendants object to Plaintiff Cooper's position that it holds the right to enforce, asserting instead that Video Processing Technology is the true owner of the "right to sue" on these patents.

In challenging plaintiff's ownership status, Defendants Digital Processing Systems attempt to protect themselves from liability in this suit. Yet it is no relief to defendants to face a stream of lawsuits by other putative owners of the patents, including Video Processing Technology. Further, if Video Processing Technology is not a party to this action, even a victory for Plaintiff Cooper is not conclusive of its rights because *res judicata* and collateral estoppel extends only to parties in prior actions who had full and fair opportunity to litigate.[10] Both parties are at risk of future litigation.

"Rule 19(a)(1) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Sales,* 873 F.2d at 121 (*quoting LLC Corp. v. Pension Benefit Guaranty Corp.,* 703 F.2d 301, 305 (8th Cir. 1983)). Nevertheless, the likelihood that absent signatories to an agreement at issue in an action "would seek legal recourse in the event that the judgment [in which they are not present] deprived them of ... rights to which they believe they are entitled can hardly be characterized as speculative." *Keweenaw,* 11 F.3d at 1347.

Ownership of the "right to sue" under the patents is a fundamental issue in this action. The 1988 agreement with Video Processing Technology and its subsequent amendments determine Plaintiff Cooper's right to sue. Complete relief in this action requires that Video Processing Technology be joined in the present action. *See, e.g., Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1462 (Fed.Cir.1990) (stating joinder of licensee is proper to resolve issue of patent holder's capacity to sue for patent infringement). Thus, Video Pro-

---

**10.** In order for *res judicata* to apply, the Sixth Circuit requires the following: "1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their 'privies'; 3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action." *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 880 (6th Cir.1997).

For collateral estoppel to apply, the Sixth Circuit requires that: "1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue." *Central Transport, Inc. v. Four Phase Systems, Inc.,* 936 F.2d 256, 259 (6th Cir.1991).

cessing Technology is a necessary party under Rule 19(a)(1).

2. Necessary Parties under Rule 19(a)(2)

■ Rule 19(a)(2) requires that a person be joined as a party in an action if he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" due to the claimed interest. Fed. R.Civ.P. 19(a)(2)(i) and (ii).

By its terms, Rule 19(a)(2)(i) is limited to an absent person "who claims an interest" relating to the subject of the action. The term "claims an interest" means "having an interest" in the case. *Provident Tradesmens Bank & Trust,* 390 U.S. 102, 123–24, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Because an absent party will not have stated an interest in the case, this language implies that the absent party's interest will be potential claims that such a party might later bring.

Here, Defendants Digital Processing Systems have asserted that under the terms of the Commercial Agreement, Video Processing Technology owns all substantial rights to the patents and, at the very least, that it has a financial interest in the outcome of the case.[11] Defendants suggest that disposition of this action in Video Processing Technology's absence would likely impair or impede its ability to protect that interest.

Defendants Digital Processing Systems assert that Plaintiff Cooper has no standing to sue. But defendants' incentive to prove this claim extends only to showing sufficient evidence that Plaintiff Cooper is not the true holder of the right to sue. As a practical matter, Defendants need not make Video Processing Technology's best argument for *its* ownership in order to prevail. Without this incentive, the Court cannot be certain that Video Processing Technology's interests will be fully and fairly represented. *See* Fed.R.Civ.P. 19(a)(2)(i); *see also Henne,* 904 F.2d at 1212 n. 3 ("The absent person's ability to protect its interests under [Rule 19] may be met by the presence of defendants capable of making every argument on the merits that the absent person would or could make.").

In addition, the Court's decision will prejudice the present parties if Video Processing Technology is not joined. *See* Fed.R.Civ.P. 19(a)(2)(ii). First, to the extent that Video Processing Technology is not able to represent its interests in the ownership dispute in this action, Plaintiff Cooper is not immune from further litigation over the issue if he prevails in this action.

Second, Defendants Digital Processing Systems may be subject to "double, multiple, or otherwise inconsistent obligations," if no one has fully litigated the right to enforce in this action. For example, defendants would face a second lawsuit for the same alleged infringement if Plaintiff Cooper prevails here on its ownership and infringement arguments but Video Processing Technology is later determined to have the right to enforce the patents.

In short, under general principles of collateral estoppel, if Video Processing Technology is not joined, it will not have had a full and fair opportunity to litigate the issues and, therefore, cannot be bound by the outcome of

11. Plaintiff Cooper argues that the California action does not bear on the right to sue under the patents. Plaintiff asserts that the nature of the California action is one for declaratory relief that the Commercial Agreement is void and/or voidable or, in the alternative, that it is terminated. Plaintiff states that the purpose of the action is to determine financial obligations as between Plaintiff Cooper and Video Processing Technology. Defendants Digital Processing Systems dispute this assertion, stating that the right to enforce the patents is directly at issue.

In light of the Commercial Agreement's language as to licensing and assignment, it is diffi-

cult to imagine how a finding that the agreement is (or is not) void, voidable, or terminated would *not* affect the parties' rights beyond their financial obligations, even if the California court limits itself to an examination of the financial aspects of the case.

Whether or not Video Processing Technology is actually the exclusive licensee is not at issue here. The focus of this Opinion is the effect that the dispute over the "right to sue" has on the existing litigation, not the ultimate legal conclusion of which party retains the right to sue.

this action. In this respect, both Plaintiff Cooper and defendants Digital Processing Systems are at risk of inconsistent obligations.

It is not necessary that the Court find an absent party "necessary" under *both* Rule 19(a)(1) and (2). But after reviewing the litigants' arguments, the Court finds that under either Rule 19(a)(1) or (2), Video Processing Technology is a necessary party.

If a court "finds that the absent person or entity falls within either [19(a)(1) or (2) ], the party is thus one to be joined if feasible." *Keweenaw*, 11 F.3d at 1345. The Court therefore turns to review whether personal jurisdiction over Video Processing Technology is proper.

## B. Personal Jurisdiction

■■■ As the party asserting *in personam* jurisdiction, the plaintiffs bear the burden of showing that such jurisdiction exists.[12] *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir.1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). Generally, plaintiffs must prove jurisdiction by a preponderance of the evidence. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir.1998). When there has been no evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *CompuServe*, 89 F.3d at 1262.

■■■ To overcome the opposing party's assertions of lack of jurisdiction, the plaintiffs

need only make a *prima facie* showing of jurisdiction. *Id.* Dismissal in this procedural posture is proper only if all the facts which plaintiffs allege collectively fail to state a *prima facie* case for jurisdiction. *Theunissen*, 935 F.2d at 1459.

In analyzing personal jurisdiction, "the due process rights of a defendant should be the courts' primary concern." *CompuServe*, 89 F.3d at 1262 *(citing Insurance Corp. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 10, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982))*.

Plaintiff Cooper asserts that Video Processing Technology is subject to personal jurisdiction under Ohio Rev.Code § 2307.382. In support of its assertion, Plaintiff Cooper argues two points.

First, plaintiff states that Video Processing Technology made five visits to Ohio over a few years in the early 1990s to meet with an attorney. The purpose of the meetings was to negotiate a fee for services rendered in settlement of a lawsuit between Plaintiff Cooper and Harris Corporation.[13] Certain of the patents in the instant action[14] were covered by the Harris settlement agreement.

Second, Plaintiff Cooper asserts that Video Processing Technology engaged two law firms to do "various patent law services" worth "several tens of thousands of dollars." The documentation provided by Plaintiff Cooper suggests that these services involved, generally, reexamination and review of patent applications.[15]

---

12. The Court notes that the standard has been established in cases analyzing motions to dismiss under Rule 12(b)(2). *See, e.g., CompuServe*, 89 F.3d 1257, 1261 (6th Cir.1996). The Court's ruling here addresses, specifically, Plaintiff Cooper's and defendants Digital Processing Systems' Rule 19 motions. The second step of a Rule 19 analysis requires inquiry into personal jurisdiction. Because plaintiff is the party asserting that personal jurisdiction over Video Processing Technology exists, the Court applies the general standards for personal jurisdiction to Cooper's assertions.

13. This lawsuit for infringement was filed in 1982 settled in 1989. Plaintiff Cooper asserts that in entering the agreement with the Ohio lawyer, Video Processing Technology "purposefully availed itself of the jurisdiction of the laws and Courts of the State of Ohio."

A choice of law clause in the agreement provided that the parties to the settlement would be bound by Ohio law, but says nothing regarding jurisdiction. A choice of law clause, though relevant, does not by itself implicate an agreement to jurisdiction of the courts of the chosen state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481–82, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

14. These patents are the '041, '547, '885, '990,-'952, and '982 patents.

15. Beyond the '091 patent, it is not clear whether the other patents addressed in the documents are involved in the instant action. It is the plaintiff's burden to show that personal jurisdiction exists. Even in viewing the documents in a light most favorable to Plaintiff Cooper, the Court cannot assume the meaning of the documents *beyond* plaintiff's proof. Thus, the Court recognizes that

In determining whether personal jurisdiction over a party exists, federal courts must apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *CompuServe*, 89 F.3d at 1262 (*citing Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.1994)). The party must be subject to suit under the forum state's long-arm statute and the Court must meet Constitutional due process requirements. *Id.*

Ohio's long-arm statute subjects nonresidents to the personal jurisdiction of its courts on claims arising from certain contacts with Ohio. Ohio Rev.Code § 2307.382(A)(1).[16]

In considering the due process element of personal jurisdiction, Courts make a distinction between "general" and "specific" jurisdiction. *Reynolds*, 23 F.3d at 1116. For general jurisdiction, if a party's contacts with the forum state are "continuous and systematic," then the state may exercise personal jurisdiction over the party even if the action is unrelated to that party's contacts with the state. *Id.*

With specific jurisdiction, the state may exercise jurisdiction over a party if the lawsuit arose out of or is related to the party's contacts with the state. *Id.* (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

With these guidelines in mind, the Court must also note that the crucial federal constitutional inquiry is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Plaintiff Cooper asserts that Video Processing Technology's contacts with Ohio meet the definition of "transacting business" under Ohio's long-arm statute, and that it does so regarding the patents in suit. By invoking Ohio Rev.Code § 2307.382, Plaintiff Cooper's assertions implicate specific jurisdiction.

Upon considering plaintiff's position, the Court determines that there is insufficient evidence to support a finding of specific jurisdiction.

The Sixth Circuit employs three criteria to decide whether specific personal jurisdiction applies:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe*, 89 F.3d at 1263 (citations omitted); *see also Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir.1968) (adopting the above test for "determining the present outer limits of *in personam* jurisdiction based on a single act").

### 1. Purposeful Availment

"The question of whether a [party] has purposefully availed itself of the privilege of doing business in the forum state is 'the *sine qua non* for in personam jurisdiction.'" *CompuServe*, 89 F.3d at 1263. This requirement is satisfied when the party's contacts with the forum state result from that party's actions, as opposed to the "unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). If the party's actions create a "substantial connection" with the forum state, specific jurisdic-

---

at least one of the two law firms indicated by Plaintiff Cooper provided services related to one of the patents at suit. The Court will accept the other documents as representing general patent-related business undertaken in Ohio.

**16.** Ohio's long-arm statute reads, in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state; ...

Ohio Rev.Code § 2307.382(A)–(C).

tion is proper. *Id.* (*quoting McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)).

The key consideration is that the party's conduct and connection with the forum state "are such that he should reasonably anticipate being haled into court there." *Id.* (*quoting World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The purpose of the "purposeful availment" requirement ensures that a party "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)).

 In the instant case, the fee agreement and attendant negotiations between Video Processing Technology and the Ohio lawyer are too attenuated to support specific jurisdiction in this action. To base jurisdiction upon five meetings over a few years, each lasting only a few hours, for the purpose of negotiating a fee for legal services related to a case settled several years earlier would not align with traditional notions of fair play and substantial justice. Though negotiations took place over time, the fee agreement stands as more akin to a "one-shot affair" than ongoing business. *Mohasco*, 401 F.2d at 385.

Thus, the Court is left to consider Video Processing Technology's engagement of two Ohio law firms for various limited patent law services. It is arguable whether the limited services provided by the law firms were "systematic and continuous" such that Video Processing Technology should have reasonably anticipated being haled into court in Ohio or whether their limited nature equates with a one-shot deal. *International Shoe*, 326 U.S. at 320, 66 S.Ct. 154.

However, the Court need not make a conclusive finding on this issue because, as described below, this Court's exercise of personal jurisdiction over Video Processing Technology is improper under Ohio's long-arm statute.

**2. Connection Between Cause of Action and Video Processing Technology's Contacts with Ohio**

 Even if Video Processing Technology may have purposefully availed itself of privileges in Ohio, Video Processing Technology's contacts must also be found to have led to the cause of action before exercise of jurisdiction over Video Processing Technology is proper. *CompuServe*, 89 F.3d at 1267 (*citing Reynolds*, 23 F.3d at 1116–17). "If the Ohio long-arm statute does not provide a basis for the exercise of personal jurisdiction over the nonresident [party], jurisdiction is unavailable even if the exercise of such would not violate due process." *General Acquisition, Inc. v. Gencorp Inc.*, 766 F.Supp. 1460, 1485 (S.D.Ohio 1990).

The Court finds that neither the fee agreement nor the legal services engagement support specific jurisdiction. The cause of action alleged here—that is, the act of infringement by defendants Digital Processing Systems—cannot fairly be seen as arising from Video Processing Technology's contacts with Ohio. Video Processing Technology's negotiation with an Ohio lawyer about a case that settled eight years before this action was filed has no connection to this suit, even if the underlying settlement agreement involved several patents in suit here.

Similarly, Plaintiff Cooper's assertion that Video Processing Technology contracted with two Ohio law firms for patent services is, without more, insufficient to show connection to defendants Digital Processing Systems's alleged conduct. To the extent that the documents provided by Plaintiff Cooper implicates a patent involved in this suit, all the documents show are that the law firms provided, generally, reexamination services. This is insufficient to link Video Processing Technology to infringement by defendants Digital Processing Systems.

Because jurisdiction fails under Ohio's long-arm statute, specific jurisdiction is inapplicable here.[17]

---

**17.** Having found that Ohio's long-arm statute does not apply to Video Processing Technology, analysis of the third prong of the specific juris-diction test, as established in *Mohasco*, is unnecessary.

## C. Indispensable Party

Because personal jurisdiction over Video Processing Technology is absent, we cannot properly bring Video Processing Technology before this Court. The Court must go on to the third prong of analysis under Rule 19 to decide whether Video Processing Technology is an indispensable party. Can the Court continue with the instant case in Video Processing Technology's absence?

Rule 19(b) requires a four-step analysis:

The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

The court must determine whether "in equity and good conscience" the action should go on without the necessary party. *Id.* Rule 19(b) "is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Keweenaw*, 11 F.3d at 1346 (*citing Smith v. United Bhd. Of Carpenters and Joiners of America*, 685 F.2d 164, 166 (6th Cir.1982)). A determination that a party is indispensable is a legal conclusion reached upon balancing the four factors of Rule 19. *Id.*

The four factors of Rule 19(b) have been characterized as four interests:

... the plaintiff's interest in having a forum; the defendant's interest in avoiding multiple litigation or inconsistent relief, or sole responsibility for a shared liability; the interest of the outsider whom it would have been desirable to join; and the interest of the courts and the public in com-plete, consistent, and efficient settlement of controversies.

*American Financial Corp. v. General Electric Credit Corp.*, 97 F.R.D. 408 (S.D.Ohio 1983) (*citing Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. at 109–11, 88 S.Ct. 733). The Court addresses these interests in turn.[18]

First, Plaintiff Cooper's interest in having a forum involves whether the plaintiff can pursue a remedy if the Court dismisses the action. "Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists." *Provident Tradesmens Bank & Trust*, 390 U.S. at 109, 88 S.Ct. 733.

The Court finds that Plaintiff Cooper's interest in having a forum would not be prejudiced upon a finding that Video Processing Technology is an indispensable party. Plaintiff Cooper is a resident of California. The other two parties plaintiff, Pixel Instruments Corporation and Technology Licensing Corporation, have their principal places of business in California. Defendants Digital Processing Systems assert that they are subject to suit in California. Video Processing Technology has its principal place of business in California. Thus, an adequate alternative forum exists where Plaintiff Cooper may bring its claims.

Second, Defendants Digital Processing Systems have an interest in avoiding multiple litigation over their alleged conduct. A decision rendered in Video Processing Technology's absence would prejudice defendants since Video Processing Technology could sue on the same alleged conduct in a later action.

Central to the theories of both *res judicata* and collateral estoppel is the necessity that the party against whom they assert the theory have been a party to the earlier action. If Video Processing Technology is not a party to this action, neither theory will protect

---

**18.** The four interests do not directly correspond to the four criteria listed in Rule 19(b). For example, the second and third interests identified by the Supreme Court collectively refer to Rule 19(b)'s first criteria, that of the potential prejudice to both absent and present parties. In *Provident Tradesmens Bank & Trust*, the Supreme Court addressed Rule 19(b)'s requirement that a court consider how it could shape relief to lessen or avoid prejudice separately. This Court will do the same.

defendants Digital Processing Systems from later infringement actions.

Third, Video Processing Technology has an interest that would be put at risk if it is not a party. It is true that the judgment in this action does not bind Video Processing Technology, but the analysis does not end there. As the Supreme Court has explained this element of Rule 19(b):

> Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgment is not res judicata as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. Instead, as Rule 19(a) expresses it, the court must consider the extent to which the judgment may *'as a practical matter impair or impede his ability to protect' his interest in the subject matter.*

*Provident Tradesmens Bank & Trust*, 390 U.S. at 110, 88 S.Ct. 733 (emphasis added) (footnotes omitted).

Because ownership of the right to enforce the patents is a fundamental issue, it would impair or impede Video Processing Technology's interest if we have not brought it into the action. If not a party, judgment on the infringement issues or the validity issues will not bind Video Processing Technology, but there is great risk of inconsistent verdicts.

All of the concerns described above affect the fourth interest, that of the courts and the public in a "complete, consistent, and efficient" resolutions. This interest refers to Rule 19(b)'s third criterion. Whether the judgment issued in the absence of the nonjoined person will be "adequate" refers to the public's "stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them." *Id.*

It would serve the court's and the public's interest in a complete, consistent, and efficient resolution to the issues here to have all parties present before the Court. Because a determination of ownership is essential to the infringement claim, Video Processing Technology is an indispensable party to any resolution.

Rule 19(b) also requires that the Court consider ways in which relief for the present parties might be shaped to avoid prejudice identified earlier. The Court cannot identify any relief that would serve the interests of the present parties, the court, and the public without Video Processing Technology's presence. In its absence, no judgment could fully protect the parties from further litigation on the issues presented here.

For these reasons, the Court finds that Video Processing Technology is an indispensable party.

### CONCLUSION

This Court does not have jurisdiction over Involuntary Plaintiff Video Processing Technology. Because Video Processing Technology is a necessary party over whom the Court cannot exercise jurisdiction and because Video Processing Technology is also indispensable to complete adjudication of the issues presented in this action, the Court grants Video Processing Technology motion to dismiss and Defendants Digital Processing Systems' motion to dismiss for failure to join an indispensable party. The Court dismisses the action without prejudice.

Because of the Court's decision, Plaintiff Cooper's motion to dismiss under Rule 21 for misjoinder is moot.

IT IS SO ORDERED.